United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 21-33369 |
| **PREFERRED READY-MIX LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

## ORDER AND REFERRAL TO CHIEF JUDGE OF THE UNITED STATES DISTRICT COURT FOR ATTORNEY DISCIPLINE

Before the Court is the Motion of the United States Trustee (ECF No. 13) to Examine Debtor's Transactions with Attorney; Cancel Debtor's Agreement with Attorney; Disallow and Order Disgorgement of Excess fees; and Impose Sanctions Against Attorney. Hearing was held on January 12, 2022. The respondent Jessica Lee Hoff failed to file a response or appear at the hearing. For the following reasons the motion is granted, and the Court makes a referral to the Chief Judge of the United States District Court for attorney discipline.

On October 14, 2021 ("Petition Date"), the Debtor filed a petition seeking relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has operated as a debtor in possession. No trustee or examiner has been appointed in this case. The debtor at filing was represented by the respondent, Jessica Lee Hoff, of the Hoff Law Offices, P.C. (hereinafter "Hoff")

According to the Disclosure of Compensation of Attorney for Debtor under § 329 and Fed. R. Bankr. P. 2016(b) ("Disclosure of Compensation"), Hoff received the sum of $15,000.00 prior to the filing of the Chapter 11 Petition[1], and had a balance due of ($15,000.00).[2] The source of the compensation paid to Hoff was Johanna Jabinel, who is the girlfriend of Robert Foran, the 50% owner and the President of Operations of the debtor. Jabinel borrowed these funds as according to Foran's testimony, he was acting out of desperation due to collection activity by a creditor and had no funds to retain a lawyer personally. The debtor had assets that were essential for operations that were attached prior to the filing of the Chapter 11 case. The Respondent, Hoff agreed to render legal services for all aspects of the case, including (i) analyzing the Debtor's financial situation and rendering advice to the Debtor in determining whether to file a bankruptcy petition, (ii) preparing and filing a petition, schedules, statement of financial affairs, and a plan, and (iii) representing the Debtor at the meeting of creditors and confirmation hearing. The Respondent did not specify any services that would be excluded under the disclosed fees.

The debtor, via the borrowed funds from Jabinel, actually paid the respondent Hoff $20,000.00. This sum was not properly disclosed to the Court. Based on the testimony of Foran the Court finds

---

[1] ECF No. 1
[2] ECF No. 1, p 45

such disclosure by Hoff was intentional. This was the beginning of a long string of errors made by Hoff that were made both negligently and intentionally, and which the Court finds constitute legal malpractice.

On October 15, 2021, the Court entered the Order to Debtor-In-Possession and Setting Status Conference.[3] Among other things, the October 15th Order required that the Debtor:

> (6) Use of Cash Collateral. A debtor in possession shall not use "cash collateral" without the consent of the secured party or authorization by this court. All cash collateral is to be deposited in a separate account pending the entry of a court order with respect to its disposition.

On October 15, 2021, the U.S. Trustee contacted Hoff by email to inquire why the Debtor had not elected to proceed under Subchapter V of chapter 11 [which would have been beneficial to the debtor] and whether the Debtor would be filing a motion for authorization to use cash collateral. The Trustee also requested proof of insurance, proof of the opening of a DIP account at an approved depository, and copies of the Debtor's most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return. On October 28, 2021, the U.S. Trustee contacted Hoff again by email requesting a response. To date, Hoff has failed to respond to the U.S. Trustee's requests or take any appropriate action in this case.

By email dated October 18, 2021,[4] the Trustee informed the Respondent of an initial debtor interview to be held on November 4, 2021, at 2:00 p.m. and requested that an initial report be prepared and submitted no later than two days prior to the initial debtor interview. Hoff failed to attend the initial debtor interview and failed to submit the initial report.

In an email dated November 15, 2021,[5] Hoff stated:

> I am having great difficulty with debtor's representative. To date, I have not received the IDI materials to review or forward to you.
> There are several motions that we have prepared and we are still awaiting documentation.
> I have requested this information repeatedly. I again stressed the importance of the information and requested yet another appointment with Debtor today at noon or for them to suggest a time that works for them.
> I was met with sarcasm.
> I apologize. I have never had a client not furnish IDI materials.

These assertions were false, and they were presented by Hoff to the Trustee with the intent to deceive. She was not having great difficulty with the debtor, nor had she requested any of the appropriate documentation or contacted the debtor. Neither had she prepared any motions or any other legal pleadings. She was not met with sarcasm, in fact her client was unable to reach Hoff, and she was generally non-responsive to their many attempts to contact her.

---

[3] ECF No. 3
[4] ECF No. 49-7, page 3.
[5] ECF No. 39-7.

In an email to the Trustee dated November 16, 2021,[6] Hoff stated:

> It is my understanding that Debtor's representative, Mr. Catchings, is unavailable for today's meeting of creditors and is seeking a continuance. I am presently in front of Judge Isgur. I have communicated that I am unable to continue as counsel unless Debtor's representative schedules and attends an appointment via zoom and provides the outstanding materials.

These statements were not truthful, and Hoff was lying. She had not contacted Lincoln M. Catchings III [50% owner and Vice-President of the Debtor] (hereinafter "Catchings") regarding a creditor's meeting, and she was not in front of Judge Isgur. She was not communicating with the debtor's representatives, and any representation that she was in communication with the debtor's representatives to the Trustee was false and made with an intent to deceive.

On that same day, the Trustee contacted Hoff by email[7] and requested that Respondent produce a copy of the engagement agreement and any other agreements with the Debtor, any lien search, and time records. To date, Hoff has failed to produce the requested documents. The Court finds that these documents do not exist. The evidence at the hearing showed that there was no engagement agreement, no lien search and Hoff never drafted any pleadings in this case. A later lien search revealed that FundThrough USA Inc. held a lien on cash collateral and that the Debtor should have filed a motion for authorization to use cash collateral. Hoff, as stated, did not conduct a lien search and did not file a motion for authorization to use cash collateral. As a result, the Debtor violated the terms of this Court's order as described above.

On November 5, 2019, in *In re Compression Generation Services LLC*, the Court held a hearing to determine whether Respondent Jessica Hoff would be required to disgorge fees for failing to properly advise the debtor that it could not pay professionals nor use cash collateral without specific authorization from the Court. *See* Transcript of November 5, 2019 hearing, pp. 3-4, Case No. 19-33804 at ECF. No. 66. The Court found that Respondent Jessica Hoff was negligent because she failed to obtain specific authorization for the use of cash collateral despite notice and a lien search that revealed the Internal Revenue Service had an interest in cash collateral, and she failed to amend or withdraw the schedule of secured debts that erroneously represented that there were thirteen secured creditors. *Id.* at pp. 82-88.

On November 15, 2019, the Court entered the Order ("Disgorgement Order") requiring Respondent Jessica Hoff to disgorge the sum of $20,000.00 from her trust account to the debtor and enjoining her from filing any additional chapter 11 cases in the Southern District of Texas until she completed thirty hours of bankruptcy-specific continuing legal education. *See* Case No. 19-33804, ECF No. 60. After compliance by Respondent Jessica Hoff with the Disgorgement Order, the Court entered the Order dissolving the injunction.[8]

---

[6] ECF No. 49-8.
[7] ECF No. 49-6.
[8] *See* Case No. 19-33804, ECF No. 79.

On November 16, 2021, Foran and Catchings appeared on behalf of the Debtor at the meeting of creditors. Hoff did not appear. The testimony included the following: the Debtor was in desperate financial straits and hastily retained Hoff after a Receiver seized trucks belonging to the Debtor; Foran had read reviews and talked to attorneys about Hoff; he went to Hoff's office at 440 Louisiana and learned that Respondent had been evicted.

Despite disclosing aggregate noncontingent liquidated debts of $948,662.48, the petition filed in this case does not reflect that the Debtor is a small business debtor nor is there an election to proceed under Subchapter V of chapter 11. The Debtor is a concrete ready-mix contractor and delivery service in the greater Houston market who filed this case after the 400th Judicial District Court in Fort Bend County, Texas, appointed Robert W. Berleth as receiver (the "Receiver") in a suit brought by Cameron Roesle against Robert Foran and Nolan Star Trucking LLC.[9] The Receiver seized some of Debtor's property, including seven mixer trucks and one mechanic truck collectively valued at $450,000.00, prior to bankruptcy. The Debtor received negligible or no benefit from the $20,000.00 paid to Hoff for legal services in connection with this chapter 11 bankruptcy case. Although the bankruptcy petition, bankruptcy schedules and statements were filed on behalf of the Debtor, Hoff failed to (i) appear at the meeting of creditors scheduled on November 16, 2021, (ii) appear at the initial debtor interview scheduled on November 4, 2021, (iii) provide evidence of insurance customary and appropriate to the industry in which the Debtor operates, (iv) provide evidence of the opening of a DIP account at an approved depository, and (v) file a motion for authorization to use cash collateral.

Foran spoke Hoff on November 15, 2021 and determined it would be in the best interest of the Debtor to terminate the services of the Respondent because Respondent had failed to respond to emails, failed to return phone calls, and failed to properly represent the Debtor. Hoff orally promised to provide detailed billing to the client, forward her drafted pleadings and the case file to the Debtor and its new attorney.  Hoff has not complied as she promised.  The pleadings do not exist, the Court seriously doubts that Hoff has a file or any detailed billing.

Hoff has continually failed to perform the services she contracted to provide to the Debtor.  Hoff also has a long history of providing the same deficient level of service to other debtors in Chapter 11 cases, including cases before this Court in failing to file a Motion for Use of Cash Collateral.

On August 14, 2019, in *In re Eman Investments LLC*, the Court entered the Order dismissing the case with a bar to refiling for 180 days because the debtor had used cash collateral since the filing of the case without the consent of Allegiance Bank, the secured lender, or a court order. (Case No. 19-33728, ECF. No. 24).

Hoff has a clear and consistent pattern of dismissals in other Chapter 11 Cases she has filed on behalf of debtors.  She has never confirmed a Chapter 11 Plan in the Southern District of Texas. Since 2017 she has filed 10 Chapter 11 cases, all of which have been unsuccessfully prosecuted.[10] She has intentionally not disclosed fees and she has failed to properly disclose fees.[11]  In this case, she has filed incorrect schedules, she has been unreachable by her client, she has failed to give

---

[9] ECF No. 49-1, page 33.
[10] ECF Nos. 49-12 through 49-22.
[11] 11 USC 329, Fed. RD. Bankr. P. 2016(b).

notice of hearings and meetings with the Trustee to her client, she has failed to adequately advise her client of its duties, she has failed to respond to client emails or texts, she has failed to advise the state court and state court litigants of the pending bankruptcy, she has given the debtor false excuses regarding her inactivity, and actively lied to her client and the Trustee about said failures. Her failures have led to the debtor having to expend an additional $10,000 to retain competent counsel, which Foran was again forced to borrow from Jabinel. Her failure to act has led to damages to the debtor in increased legal fees in the sum of $9,000.00.[12] Her lack of actions has done serious damage not only to this debtor but her other clients who have filed bankruptcy in the Southern District of Texas.[13]

The Court finds inconsequential or no value to the services provided by Hoff and that her inactions in this case and her history of abuse in other Chapter 11 cases should lead to sanctions.

Attorney Jessica Lee Hoff and Hoff Law Offices PC shall return the sum of $20,000.00 to the debtor on or before ten (10) days of the date of entry of this Order. This is a disgorgement order of the pre-petition retainer she received, failed to properly disclose and has not earned.

Any agreements[14] between Hoff and the Debtor Preferred Ready-Mix LLC are canceled.

Monetary sanctions of $9,000 payable to the debtor are imposed on Respondent, Jessica Lee Hoff and Hoff Law Offices PC. Said sum to be paid on or before 60 days from the date this order becomes final.

Respondent, Jessica Lee Hoff may not file or appear in any case before this Judge for a period of 2 years or until the sanction award above is paid, whichever event occurs later.

The Court refers this matter to the Chief Judge of the District Court of Southern District of Texas with a copy to the Clerk of Court for further discipline.[15]

SO ORDERED.
         SIGNED 01/12/2022

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[12] Based on the testimony of Debtor's current counsel that she has expended 20 to 25 hours **of additional time** which would have not been required but for Hoff's inaction and intentional misrepresentations. The Court takes the lowest estimate possible 20 hours x $450 per hour.

[13] In closing arguments, the Trustee argued that other Chapter 11 Debtors had lost their businesses due to the inactivity of Hoff. While there was no direct evidence of this in the record, this allegation is deeply concerning to the Court.

[14] There was no written agreement executed, however, any oral understanding or unsigned documents that purport to be an agreement between the debtor and Hoff are canceled.

[15] District Court, Southern District of Texas Local Rule 83.1, Appendix A, Rule 5