**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **PREFERRED READY-MIX, LLC** | § | **CASE NO. 21-33369** |
| | § | |
| **Debtor** | § | |
| | § | |

**LANDLORD'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE**
**ALTERATIVE FOR ADEQUATE PROTECTION**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS APPLICATION ON MARCH 2, 2022 AT 9:30 A.M. IN JUDGE JEFFREY P. NORMAN'S COURTROOM# 403, 515 RUSK, HOUSTON, TEXAS 77002. PURSUANT TO GENERAL ORDER 2021-15, THE HEARING MAY ALSO BE HELD BY VIDEO CONFERENCE AT: HTTPS://WWW.GOTOMEETING.ME/JUDGENORMAN, AND AUDIO BY DIAL IN AT: (832) 917-1510, CONFERENCE CODE 174086.

IF YOU ARE ATTEMPTING TO VIEW THE BROADCAST ON AN IPAD OR SIMILAR DEVICE, YOU MAY BE REQUIRED TO DOWNLOAD A FREE APP FROM THE WEBSITE.

**TO THE HONORABLE JEFFREY P. NORMAN:**

Alisons Inc. L.L.C. ("Landlord"), a party-in-interest herein and by and through its undersigned counsel, file this *Landlord's Motion for Relief from the Automatic Stay or in the Alternative for Adequate Protection* (this "Motion"), and respectfully state as follows:

## PRELIMINARY STATEMENT

1.     This dispute arises from a Lease Agreement dated March 31, 2021 (the "Lease"), concerning the premises located at 8750 Scranton Street, Houston, Texas 77075 (the "Premises"). Preferred Ready-Mix, LLC ("Preferred") is the tenant under the Lease and the debtor in this bankruptcy case ("Debtor").

2.     Preferred is in default under the Lease by failing to pay monthly rent and related amounts due and owing to Landlord for the month of February 2022, due on the first day of such month (excluding the late fees). Debtor is in default for failing to make post-petition payments to Landlord.

3.     Landlord requests relief from the automatic stay (a) to allow it to remove Debtor from possession of the Premises, including any and all personal property located at the Premises, under applicable non-bankruptcy law, and (b) for Landlord to pursue any and all claims, rights or remedies that may be available to Landlord against Preferred under applicable non-bankruptcy law including eviction from the Premises. Additionally, in the event Landlord is brought current on all outstanding obligations under the Lease while this Motion is pending before the Court, Landlord requests a so-called "Drop Dead" order to prevent it from incurring additional attorneys' fees, costs and delays in the event there are future defaults under the Lease.

## JURISDICTION AND VENUE

4.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

5.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     The bases for the relief requested herein are 11 U.S.C. §§ 105, 362 and 363.

### RELEVANT FACTS

7.      On October 14, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      In the interest of brevity, Landlord incorporates herein by reference the assertions contained in the Preliminary Statement above.

9.      As of the filing of this Motion, Preferred is in default under the terms of the Lease in the following amounts, plus additional attorneys' fees to Landlord authorized under the Lease. True and correct copies of the Lease is attached hereto as **Exhibit A**.

| Period Covered | December 2021 | January 2022 | February 2022 | TOTAL |
|---|---|---|---|---|
| Rent | $0.00 | $0.00 | $1,550.00 | $1,550.00 |
| Late Fee | $655.00 | $655.00 | $0.00 | $1,310.00 |
| *TOTAL* | *$655.00* | *$655.00* | *$1,550.00* | *$2,860.00* |

### ARGUMENT

**I.      Generally**.

10.     Section 362(a) of the Bankruptcy Code imposes an automatic stay of "the commencement … of a judicial … or other action or proceeding against the debtor …" and "any act to obtain property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1) and (2).

11.     While the automatic stay provides debtors with a "breathing spell" from creditors in order to assess its situation and implement its restructuring or sale, the Bankruptcy Code also recognizes that certain creditors are harmed by the impact of the automatic stay. In recognition of the harm to certain creditors, the Bankruptcy Code requires, among other things, that a debtor provide

adequate protection to an entity that has an interest in property used by the debtor. *See* 11 U.S.C. § 363(e). Additionally, the Bankruptcy Code **mandates** relief from stay when, among other things, there is a lack of adequate protection, *see* 11 U.S.C. § 362(d)(1), or when the debtor does not have equity in the property at issue and such property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2).

12.    Section 362(d) provides the bases for the Court to lift the automatic stay, two of which are relevant here. Under subsection (d)(1), the Court shall lift the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Under subsection (d)(2), the Court shall lift the automatic stay with respect to an act against property when "(A) the debtor does not have equity in such property and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). If both factors of section 362(d)(2) are met, then relief is "mandatory." *Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs, Ltd.)*, 61 F.3d 197, 208 (3d Cir. 1995)

13.    Under 11 U.S.C. § 362(g), "the party requesting relief has the burden of proof on the issue of the debtor's equity in the property" and "the party opposing such relief has the burden of proof on all other issues." That means, for purposes of this Motion, the Debtor bears the burden to prove that: (i) the Landlord is adequately protected; and (ii) the Lease and Premises are necessary to an effective reorganization. As discussed below, the Debtor cannot meet its burden with respect to either of these elements and, therefore, relief from stay should be granted.

**II.    The Court should lift the automatic stay for cause under section 362(d)(2) because the Debtor has no equity in the Lease and the Premises and there is no reorganization reasonably in prospect**

*A.    Section 362(d)(2)(A) is satisfied because the Debtor has no equity in the Lease and the Premises*

14.     "The classic test for determining equity under section 362(d)(2) focuses on a comparison between the total liens against the property and the property's current value." *Indian Palms*, 61 F.3d at 206; *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984). *See United Savings Ass'n v. Timbers of Inwood Forest Assocs, Ltd.*, 808 F.2d 363, 370 (5th Cir. 1987) (reviewing the legislative history of section 362(d)).

15.     Here, the Debtor is leasing the Premises, and thus there is no equity for the Debtor or this bankruptcy estate.

**B.      *Section 362(d)(2)(B) is satisfied because the Lease and the Premises are not necessary to the Debtor's reorganization that is reasonably in prospect.***

16.     Courts have consistently construed section 362(d)(2)(B) to require a showing by the debtor that there is a reasonable possibility of a successful reorganization within a reasonable time. "The mere indispensability of the property to the debtor's survival and the debtor's hopes of reorganization are insufficient to justify continuation of the stay when reorganization is not reasonably possible." *Timbers of Inwood Forest*, 808 F.2d at 370-71. Here, the Debtor has not made the Lease payment timely, and the Debtor's MOR show a lack of financial ability to make the Lease payments; thus, there is not a reasonable possibility of a successful reorganization.

**III.     The Court should lift the automatic stay for cause under section 362(d)(1) because the Landlord is not adequately protected and will exclusively suffer the balance of harms if relief is not granted.**

17.     Under section 362(d)(1), the Court shall lift the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Cause is not defined in the Bankruptcy Code but is instead determined on a case-by-case basis. *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017). "Each case must be viewed on the basis of its own particular facts, and there must be a balancing of the interest of the debtor with the interest of the secured creditor in its collateral." *Id.* (quotation omitted). "Factors

generally looked to in determining whether to modify the stay for cause include interference with the bankruptcy, good or bad faith of the debtor, injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay." *Id.* (quotation omitted).

A.    *The Landlord is not adequately protected and will be harmed if relief from the automatic stay is not granted.*

18.    A creditor's "interest is not adequately protected if the security is depreciating during the term of the stay." *United Savings Ass'n v. Timbers of Inwood Forest*, 484 U.S. 365,369 (1988). For the purpose of section 362(d)(1), the ability to maintain an equity cushion of at least 20% is typically required for the secured creditor to be adequately protected. *In re Mendoza*, 111 F. 3d 1264, 1272 (5th Cir. 1997). Debtor has failed to provide any adequate protection to Landlord thus, the automatic stay should be modified as requested herein. Debtor is using the Premises but has not paid all of the post-petition rent and related charges, and Preferred has not paid the February 2022 rent and related charges.

**IV.    In the Alternative, the Court Should Grant Adequate Protection to the Landlord in a Package that Properly Compensates the Landlord for the Substantial Risk Being Imposed upon it.**

19.    The Bankruptcy Code requires the adequate protection of interests in property due to the Debtor's use of the property or imposition of the automatic stay. 11 U.S.C. §§ 361, 362(d), 363(e). In particular, section 363(e) provides that "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

6

20.    Adequate protection is mandatory once requested, provided that the moving creditor shows that it has an interest in the property, and the Debtor fails to prove that the creditor's property is already adequately protected. 11 U.S.C. § 363(e) ("the court...shall prohibit or condition the use, sale or lease as is necessary to provide adequate protection of such interest."). Adequate protection must cover the creditor from the date that the motion for adequate protection is filed. *See, e.g.*, *In re Longbine*, 256 B.R. 470, 474 (Bankr. S.D. Tex. 2000); *In re Best Products, Inc.*, 138 B.R. 155, 158 (Bankr. S.D.N.Y. 1992) ("the motion date controls").

21.    Under section 363(p)(1), a debtor "has the burden of proof on the issue of adequate protection.". Further, even if the debtor did not have the burden of proof, the failure to make a payment, coupled with a debtor's continued retention of property, has been found, by itself, sufficient to show a lack of adequate protection. *See In re Sterling*, 2018 WL 313085, at *5 (Bankr. S.D.N.Y. Jan. 5, 2018) (confirmed lack of adequate protection through debtor's failure to make postpetition mortgage payments); *In re Watkins*, 2018 WL 3575336, at *2 (Bankr. S.D.N.Y. Jan. 9, 2018) (Bankruptcy Court "infer[red]" that the value of a vehicle declined simply by the debtor's use of the vehicle and failure to make postpetition loan payments).

22.    Although section 361 of the Bankruptcy Code provides examples of forms of adequate protection, such as granting replacement liens and administrative claims, courts decide what constitutes sufficient adequate protection on a case-by-case basis. *See, e.g.*, *In re Timbers of Inwood Forest*, 793 F.2d 1380, 1388 (5th Cir. 1986) (describing section 361(3) as "a catch-all provision"); *In re Perez*, 399 B.R. 385, 400 (Bankr. S.D. Tex. 2006) (describing section 361(3) as a "flexible concept"); *In re Swedeland Dev. Grp., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994). The Debtor can show no adequate protection being provided to Landlord. Debtor or Preferred must pay all pre-petition and postpetition rent and related charges and fees, including reasonable

attorneys' fees. Additionally, in the event Landlord is brought current on all outstanding obligations under the Lease while this Motion is pending before the Court, Landlord requests a so-called "Drop Dead" order to prevent it from incurring additional attorneys' fees, costs and delays in the event there are future defaults under the subject Lease.

## **RESERVATION OF RIGHTS**

23.     Landlord reserves the right to amend, modify, or supplement this Motion.

24.     Landlord further reserves all other rights, including the right to seek relief for any further relief from this Court.

## **CONCLUSION**

**WHEREFORE,** Landlord requests relief from the automatic stay (a) to allow it to remove Debtor from possession of the Premises, including any and all personal property located at or in the Premises, under applicable non-bankruptcy law, (b) for Landlord to pursue any and all claims, rights or remedies that may be available to Landlord against Preferred under applicable non-bankruptcy law including eviction from the Premises. Additionally, in the event Landlord is brought current on all outstanding obligations under the Lease while this Motion is pending before the Court, Landlord requests a so-called "Drop Dead" order to prevent it from incurring additional attorneys' fees, costs and delays in the event there are future defaults under the Lease, (c) requiring the Debtor to provide adequate protection to the Landlord as set forth herein, and (d) granting such other and further relief as may be just and proper.

Respectfully submitted this 26th day of January 2022.

Respectfully submitted,

**TRAN SINGH LLP**

By: */s/Brendon Singh*
Susan Tran | TBN: 24075648
Brendon Singh | TBN: 24075646
Mayur M. Patel | TBN: 24043863
2502 La Branch Street
Houston, TX 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
BSingh@ts-llp.com

**ATTORNEYS FOR ALISONS INC.
L.L.C.**

<u>**CERTIFICATE OF CONFERENCE**</u>

On January 20, 2022, Brendon Singh of Tran Singh LLP emailed Laurance Boyd of the Joyce W. Lindauer, Attorney at Law and Mediator, about whether or not the Debtor would oppose our Motion for Relief from the Automatic Stay. As of the date of the filing of this Motion, the Debtor opposes the Motion for Relief from the Automatic Stay.

*/s/ Brendon Singh*
Brendon Singh

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 3rd day of February 2022, he caused a true and correct copy of the foregoing pleading to be served via the Court's electronic case filing system (ECF) on all parties to this proceeding who have so subscribed and to the following parties via United States first class mail, postage pre-paid.

Preferred Ready-Mix LLC
8750 Scranton Street
Houston, Texas 77041

*/s/ Brendon Singh*
Brendon Singh