Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEY FOR DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **PREFERRED READY-MIX LLC,** | § | **CASE NO. 21-33369** |
| | § | |
| Debtor. | § | Chapter 11 |

### THIRD MODIFICATION TO DEBTOR'S PLAN OF REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11

Preferred Ready Mix, LLC ("Debtor") proposes the following Third Modification to Debtor's Plan of Reorganization Under Subchapter V of Chapter 11 (the "Plan") [Docket No. 43] pursuant to Chapter 11 of the United States Bankruptcy Code to address the concerns raised by Ag Barn Management LLC. In accordance with Bankruptcy Rule 3019, to the extent applicable, this Plan may be modified or amended upon application of the Debtor or corrected prior to the Confirmation Date. The changes proposed herein are neither material nor adverse to any party and should be made a part of the Plan approved in this case and are set forth as follows:

### ARTICLE I.  INTRODUCTION

This Plan is proposed by Preferred Ready Mix, LLC (the "Debtor"). On November 11, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. The Debtor amended its petition to one under Subchapter V of title 11 on November 24, 2021. This *Debtor's Plan of Reorganization Under Subchapter V of Chapter 11* is provided pursuant to the Bankruptcy Code to all the Debtor's known creditors and other parties in interest. Under the Plan the Debtor will pay Allowed Secured Claims in full over 60 months and will pay 50% of Allowed Unsecured Claims over 60 months. The details of the Plan are set out in Article VI of this document.

### 6.4   Treatment of Classified Claims and Interests Under the Plan

**Class 1A Claims: Allowed Secured Claim of Ag Barn Management LLC in the amount of $10,833.79.**  All Class 1 Claims shall be paid in full in 60 equal monthly installments of principal plus interest at the rate of 6.0% per annum. The payments shall begin on the first day of the first month following the Effective Date and continue on the first day of each subsequent month until each Claim is paid in full under the Plan.

This Claimant shall retain its pre-Petition Date Liens securing these Claims. These Claims are IMPAIRED.

**Class 3 Claims: Allowed General Unsecured Claims, excluding Insiders are estimated to be $902,376.29.** Each of the Class 3 Claimants shall be paid a total of fifty percent (50%) of the amount of their Allowed Claims in equal monthly installments over 60 months. The payments shall begin on the first day of the first month following the Effective Date and continue for the next 59 months.  These Claims are IMPAIRED.

a. Debtor has agreed that the Texcon Ready Mix, Inc. general unsecured claim will be accepted as undisputed in the sum of $433,881.01.  Nothing will prevent any guarantor of this debt or third party obligated on this debt from asserting any defenses they may have to this claim.

b. Preferred Ready-Mix LLC has approximately $600,000 (+) in pre-petition accounts receivable ("Receivables").  Debtor has asserted that their collectability is questionable but admits it has not spent time trying to collect these accounts.  The Receivables will be set aside for collection and Allison Bynum will act as Plan Agent to oversee the collection of these accounts by a qualified collection professional or agency at her choosing, with the understanding that such person will collect such Receivables and report to Ms. Bynum. The proceeds of such collections will first be paid to Ms. Bynum for her services and her professional hired to collect same, then to any secured creditor holding a valid and Allowed claim against such Receivables, and such sums, if any, shall be distributed by Ms. Bynum to the unsecured creditors on a pro rata basis.

c. Preferred Ready-Mix LLC will nonsuit Preferred Ready-Mix LLC's claims against Texcon Ready Mix, Inc. in the pending Harris County 157th State District Court lawsuit, Cause No. 2020-77612, with prejudice; and Texcon Ready Mix, Inc.'s claims in the District Court lawsuit only against Robert Foran may proceed without opposition by Preferred Ready-Mix LLC six months following the Effective Date.  As to the Debtor, Texcon Ready Mix, Inc. shall only collect through this Plan. Nothing herein will prevent any guarantor of this debt or third party obligated on this debt from asserting any defenses they may have to this claim.

### 6.5   Implementation of the Plan

#### c.   Powers and Duties of the Plan Agent.

As of the Effective Date, the Plan Agent shall be appointed under section 1123(b)(3)(B)

of the Bankruptcy Code, and shall serve in such capacity, for the purpose of collecting the Receivables. The Debtor shall continue to handle all other administrative requirements under the Plan and the Code including claims objections, fee objections and filing requirements with the Office of the U.S. Trustee.

On the Effective Date, the Receivables shall vest automatically in the Plan Agent free and clear of all Liens, claims, encumbrances, and other interests. The Plan shall be considered a motion pursuant to sections 105, 363, and 365 of the Bankruptcy Code for such relief. The transfer of the Receivables to the Plan Agent shall be made exclusively for the benefit and on behalf of holders of any secured creditors claiming a lien on such accounts and the Class 4 Allowed General Unsecured Claims. Subject to the fees and expenses of the Plan Agent and her professionals, Class 4 Allowed General Unsecured Claims shall receive distribution from proceeds of the Receivables. The Plan Agent shall not be deemed a successor in interest of the Debtor for any purpose other than as specifically set forth herein.

In no event shall the return to the Class 4 General Unsecured Creditors under the Plan, exceed the full amount of their Allowed Claims plus 3% per annum interest thereon. For the avoidance of doubt, the disbursement to holders of Class 4 General Unsecured Creditors will be first reduced by any amount paid to the Plan Agent on account of her Allowed fees and costs and those of her retained professionals and any amounts due to any secured creditors with an Allowed Claim against the Receivables. Such payments to the Plan Agent to be made from collections of the Receivables. If there are no funds from collections to pay the Plan Agent the Debtor will pay her fees at her standard hourly rate of $400 per hour.

The powers, rights, and responsibilities of the Plan Agent, all of which shall arise upon the occurrence of the Effective Date, shall include, but not be limited to:

1. collecting the Receivables under the jurisdiction of the Bankruptcy Court;

2. asserting, prosecuting, objecting to, pursuing, compromising and settling in accordance with the Plan Agent's reasonable business judgment, all matters affecting the Estate relating to the Receivables, without further order of the Bankruptcy Court;

3. asserting and enforcing all relevant legal or equitable remedies and defenses belonging to the Debtor or its Estate, including, without limitation, setoff, recoupment and any rights under section 502(d) of the Bankruptcy Code as they relate to the Receivables;

4. in conjunction with the Debtor acting on behalf of the Debtor in adversary proceedings and contested matters then pending or that can be commenced in the Bankruptcy Court and in all actions and proceedings pending or commenced elsewhere, and to settle, retain, enforce, dispute, or adjust any Claim relating to a Receivable and otherwise pursue actions involving the Receivables of the Debtor that could arise or be asserted at any time under the Bankruptcy Code, unless otherwise waived, relinquished or transferred in the Plan;

5. taking such actions the Plan Agent deems appropriate in her reasonable business judgment against any Person with respect to a Claim or Cause of Action relating to a Receivable and commencing any process or proceeding in the Bankruptcy Court or in any court of competent jurisdiction in accordance with applicable laws;

6. making Distributions to holders of all Class 4 Allowed Claims, in accordance with the Plan;

7. proceeding with and employing all discovery devices permitted under applicable law, including Rule 2004 of the Bankruptcy Rules, in order to investigate any Claims or Causes of Action relating to the Receivables;

8. employing, without further order of the Bankruptcy Court, professionals or other Persons to assist it in carrying out her duties hereunder, and compensating and reimbursing the expenses of those professionals and other persons, on the terms to be agreed to by the Plan Agent and such professionals and other persons, without further order of the Bankruptcy Court, including but not limited to the retention of counsel on a contingency or hourly fee basis, as the case may be, in regards to the Receivables

9. investing Cash in accordance with section 345 of the Bankruptcy Code, withdrawing and making Distributions of Cash to holders of Class 4 Allowed Claims and paying taxes and other obligations owed by the Debtor or incurred by the Plan Agent in accordance with the Plan;

10. executing and delivering all documents, and taking all actions, necessary to further consummation of the Plan;

11. implementing and/or enforcing all provisions of the Plan relating to the Receivables; and

12. such other powers as may be vested in or assumed by the Plan Agent, or as may be needed or appropriate, to carry out the provisions of the Plan.

d. **Appointment of the Plan Agent.**

The Debtor has agreed that Allison Bynum shall be appointed as the Plan Agent. The Plan Agent shall be deemed the Debtor's sole representative in accordance with section 1123 of the Bankruptcy Code relating to the Receivables and shall have all powers, authority, and responsibilities specified in the Plan, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code relating to the Receivables only.

e. **Fees of the Plan Agent and Expenses Incurred On or After the Effective Date.**

Except as otherwise ordered by the Bankruptcy Court, the fees and expenses incurred by the Plan Agent on or after the Effective Date (including taxes) and any reasonable compensation

and expense reimbursement Claims (including attorney fees and expenses) made by the Plan Agent in connection with the Plan Agent's duties shall be paid on a monthly basis without any further notice to or action, Order, or approval of the Bankruptcy Court, in Cash if such amounts relate to any actions taken hereunder; *provided* that the Plan Agent will only be reimbursed for its reasonable and documented out-of-pocket costs and expenses in accordance with a budget that is acceptable to the Plan Agent and the Debtor.

The Plan Agent shall receive, as compensation for her services under this Plan, a reasonable hourly rate equal to $400 per hour. The fees, costs, and expenses of the Plan Agent and Plan Agent's retained professionals pursuant to Section 6.03(h) shall be paid by on a monthly basis in arrears. Prior to making any payment to itself under this Plan, the Plan Agent shall file a notice of fees and expenses with the Court, and all parties in interest shall have fourteen (14) days to object to the filed notice of fees and expenses (or any portion thereof). If no objection is made within such fourteen (14) day period, the Plan Agent may make the payment to Plan Agent or Plan Agent's retained professional. If a timely objection is made, Plan Agent shall not make such payment until the objection is resolved. Any objection to Plan Agent or Plan Agent's retained professional's proposed fees that cannot be resolved by the Plan Agent and the objecting party shall be resolved by the Court upon notice and hearing.

Plan Agent's payments and the payments to Plan Agent's retained professionals pursuant to Section 6.03(h) will come from the proceeds of the Receivables. If Plan Agent so requests, Debtor will provide Plan Agent $2,500 to cover up front fees and costs, which funds will be reimbursed by Plan Agent to Debtor in the amount provided.

Attorneys retained by Plan Agent to pursue recoveries shall be retained on a contingency retention schedule up to 35% and reasonable expenses. The Plan Agent may set the retention schedule.

To the extent Plan Agent retains herself in her capacity pursue recovery on the Receivables Agent's fees related to such collections shall be subject to a contingency retention schedule.

Dated: February 9, 2022.

Submitted By:

 */s/ Joyce Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX  75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

                                               */s/ Robert Foran*
                                               Authorized Representative of the Debtor

## **CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on February 9, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's CM/ECF system upon the parties receiving electronic notice in this case listed below.

Robert W Berleth on behalf of Attorney Robert Berleth
rberleth@berlethlaw.com

Allison D Byman
adb@bymanlaw.com,
adb@trustesolutions.net;rww.trustee1@gmail.com;cadb11@trustesolutions.net;rah@bymanlaw.com

Hector Duran, Jr on behalf of U.S. Trustee US Trustee
Hector.Duran.Jr@usdoj.gov

Jessica Lee Hoff on behalf of Debtor Preferred Ready-Mix LLC
jhoff@hofflawoffices.com, JHoff@jubileebk.net

Jeffery B Kaiser on behalf of Creditor Texcon Ready Mix, Inc.
jkaiser@kaiser-law.com, admin.three@kaiser-law.com

Joyce Williams Lindauer on behalf of Debtor Preferred Ready-Mix LLC
joyce@joycelindauer.com, dian@joycelindauer.com


Derek W Loetzerich on behalf of Creditor Cameron Rosele
derek@loetzerichlaw.com

John June-chul Na on behalf of Creditor M & N Law Firm PLLC
john@mnnlawfirm.com, pete@mnnlawfirm.com

Karina Shareen on behalf of Creditor AG Barn Management, LLC
kshareen@twpdlaw.com

Brendon D Singh on behalf of Creditor Alisons Inc. LLC
Bsingh@ts-llp.com, ecf@ctsattorneys.com;corraltransinghllp@jubileebk.net

Brendon D Singh on behalf of Creditor Wayne C. Tyson
Bsingh@ts-llp.com, ecf@ctsattorneys.com;corraltransinghllp@jubileebk.net

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

                                                        */s/ Joyce Lindauer*
                                                        Joyce W. Lindauer