Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **PREFERRED READY-MIX LLC,** | § | **CASE NO. 21-33369-11** |
| | § | **CHAPTER 11** |
| **Debtor.** | § | |

## OBJECTION TO ROBERT BERLETH'S APPLICATION FOR ALLOWANCE
## OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COMES NOW Preferred Ready-Mix LLC ("Debtor") and files this Objection to Robert Berleth's Application for Allowance of Chapter 11 Administrative Expense Claim and in support states as follows:

1.      Robert Berleth seized from the Debtor substantially all assets in the Debtor's possession prior to the Bankruptcy filing.   Without the property, Debtor was unable to continue its business operations and on October 14, 2021, Debtor filed a Chapter 11 bankruptcy case.

2.      On November 10, 2021, a demand for return of property was sent to Robert Berleth. On November 11, 2021, Robert Berleth contacted counsel for Debtor ("Counsel") and stated he refused to return the property until his fees were first paid in full.   Counsel made an offer for the return of the items to the Debtor in exchange for $2,500.00 paid immediately plus $7,000.00 of expenses that Robert Berleth incurred for towing and storage as an administrative expense claim. However, Robert Berleth responded that he refused to accept the offer without the return of a

vehicle not in the Debtor's possession and then left on vacation for a week without any means of further communication.   On or about November 16, 2021, Debtor spoke with the U.S. Trustee about Robert Berleth's refusal to turnover property, and the U.S. Trustee clarified that Robert Berleth is to return the vehicles without a requirement to pay fees.   Debtor was forced to work things out directly with the storage facility in order to take possession of the trucks in storage on November 24, 2021.

3.      Robert Berleth is still in possession of various items seized from Debtor.   Robert Berleth seized equipment, tools, office supplies, and paperwork that are used in the Debtor's business operations.   On November 29, 2021, a demand letter was emailed to Robert Berleth for the remaining items not turned over to Debtor.   Robert Berleth responded that none of the items were taken and went on to claim that Debtor was lying about the items, attaching pictures of an empty mechanic truck.   Berleth admitted that he offered Debtor's mechanic an opportunity to recover tools prior to any recovery by Debtor, but claims the mechanic responded that no tools were his.

4.      The equipment and tools that were seized are valued at over $50,000.00 and are essential to the Debtor's operations.   Debtor has been forced to conduct business either without the necessary tools or has been forced to pay for rental equipment.   Without these tools and equipment, Debtor faces additional hurdles in its daily operations.

5.      Robert Berleth seized paperwork from Debtor which includes confidential documents and titles to trucks.   Robert Berleth has contacted various vendors that do business with Debtor in an attempt to strangle Debtor's business operations.   Robert Berleth also refuses to return the truck titles, leaving Debtor without proof of ownership.

6.      To qualify as an administrative expense under § 503(b)(1)(A), an expense "must have been of benefit to the estate and its creditors." *In re H.L.S. Energy Co., Inc.*, 151 F.3d 434, 437 (5th Cir. 1998). "The benefit requirement is not an additional element to a § 503(b)(1)(A) claim, but rather a means for testing whether an expense is truly 'necessary.'" *Am. Coastal Energy*, 399 B.R. at 809 (quoting *H.L.S. Energy*, 151 F.3d at 437).   The Fifth Circuit has also held that § 503(b)(1)(A) pertains only to post-petition claims. *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.),* 258 F.3d 385, 387 (5th Cir. 2001).

7.      Robert Berleth's claim arises from pre-petition fees and costs and should be disallowed as administrative expense claims only pertain to post-petition claims.   Fees that are claimed to have accrued post-petition could have been mitigated if Berleth had complied with the bankruptcy stay and returned the seized items immediately.

8.      Robert Berleth never agreed to the Debtor's proposal for turnover and only caused further delays and hurdles when Debtor attempted to take possession of its property.   Robert Berleth is now retroactively seeking enforcement of an agreement to which he never consented or complied.

9.      Additionally, Robert Berleth has not provided a full accounting and inventory to Debtor.   When asked for the accounting and inventory, Robert Berleth stated that Debtor would have to pull the state court records in order to find the inventory filed by Robert Berleth in a state court proceeding.   Debtor's counsel was able to access the accounting in the state court proceeding, but the accounting does not give an exhaustive list of the items seized and which items have been returned.   Robert Berleth has refused to cooperate with Debtor's counsel in recovering the seized property.

10.      The actions by Robert Berleth have caused harm to Debtor and have impeded the Debtor's ability to conduct business.   Robert Berleth has not complied with the agreements made with Debtor's counsel.

11.      The Debtor's financial condition suffered due to the actions of Robert Berleth. Debtor would have been able to immediately resume operations if not for Robert Berleth's actions. Debtor continues to face hardships due to the ongoing refusal of Robert Berleth to turn over all assets seized.

WHEREFORE, PREMISES CONSIDERED, Preferred Ready-Mix LLC requests the Court deny Robert Berleth's Application for Allowance of Chapter 11 Administrative Expense Claim in its entirety.   In the alternative, Preferred Ready-Mix LLC requests the Court allow a reduced compensation for Robert Berleth.   Preferred Ready-Mix LLC further requests that the Court grant such other and further relief to which it may show itself justly entitled.

Dated: March 4, 2022.

Respectfully submitted,

_/s/ Joyce W. Lindauer_
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 4, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's CM/ECF system to those parties receiving electronic notice in this case listed below.

Robert W Berleth
rberleth@berlethlaw.com

Allison D Byman
adb@bymanlaw.com, adb@trustesolutions.net; rww.trustee1@gmail.com;
cadb11@trustesolutions.net; rah@bymanlaw.com

Hector Duran, Jr
Hector.Duran.Jr@usdoj.gov

Jessica Lee Hoff
jhoff@hofflawoffices.com, JHoff@jubileebk.net

Jeffery B Kaiser
jkaiser@kaiser-law.com, admin.three@kaiser-law.com

Joyce Williams Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com

Derek W Loetzerich
derek@loetzerichlaw.com

John June-chul Na
john@mnnlawfirm.com, pete@mnnlawfirm.com

Karina Shareen
kshareen@twpdlaw.com

Brendon D Singh
Bsingh@ts-llp.com, ecf@ctsattorneys.com;corraltransinghllp@jubileebk.net

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Lisa Elizabeth Ventress
lisa@theventressfirm.com


        /s/ Joyce W. Lindauer
        Joyce W. Lindauer