Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEY FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| PREFERRED READY-MIX LLC., | § § | Case No. 21-33369-jpn |
| Debtor. | § § § | Chapter 11 |

| | | |
|---|---|---|
| PREFERRED READY-MIX LLC., | § § | |
| Plaintiff, | § § | |
| v. | § § § | Adversary No. _____ |
| ROBERT BERLETH and BERLETH AND ASSOCIATES, | § § § | |
| Defendant. | § § | |

**COMPLAINT FOR TURNOVER AND RELATED RELIEF**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

**COMES NOW Preferred Ready-Mix LLC,** the debtor in the above-styled and entitled bankruptcy case and the Plaintiff in the above-styled and numbered Complaint for Turnover and Related Relief ("Plaintiff"), and files this its Complaint for Turnover and Related Relief ("Complaint") against Robert Berleth and Berleth and Associates (collectively "Berleth"), and would respectfully show the Court as follows:

COMPLAINT FOR TURNOVER AND RELATED RELIEF
Page 1

## I. PARTIES

1. Preferred Ready-Mix LLC is the Debtor.

2. Robert Berleth is an individual and may be served with process at his place of business located at 9950 Cypresswood, Ste. 200, Houston, Texas 77070.

3. Berleth and Associates is a Texas company doing business in Houston, Texas and may be served with process by serving an officer or director of the company at 9950 Cypresswood, Ste. 200, Houston, Texas 77070.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Adversary Proceeding relates to *In re: Preferred Ready-Mix LLC., Case No. 21-33369-hdh,* a Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. FACTS

5. On or about October 14, 2021, Preferred Ready-Mix LLC filed a Chapter 11 bankruptcy case. Shortly before it filed bankruptcy there were trucks, equipment, tools, and various other items owned by Debtor, taken by Berleth, as Receiver for a judgment creditor holding a claim against the individual, Robert Foran.

6. The Receivership was commenced with the representation that Robert Foran owned 100% of the Debtor, which was not true. Based on that false representation the state court ordered a Receivership against Robert Foran and also the taking of the equipment of the Debtor to satisfy the debt of the individual, a debt not owed by the Debtor. The taking of the equipment and vehicles shut the Debtor company down.

7.      The Debtor consulted counsel and was recommended to file a bankruptcy case because of its inability to continue business operations and the taking of its equipment and vehicles by the Receiver.

8.      By two letters, one dated November 10, 2021 and one dated November 29, 2021, counsel for the Debtor ("Counsel") requested return of the trucks, equipment, tools, and various other items that were still being held by Berleth after the bankruptcy case was filed. Berleth failed to comply with the provisions of Section 543(b)(1) and (2) of the Code.

9.      Berleth refused to turnover the trucks and only relented after he demanded the Debtor pay the storage fees and provide for Berleth's fees in an administrative claim, effectively holding the items hostage. There was never a final agreement on these amounts but Berleth did finally allow for the trucks to be picked up, which resulted in a scene at the yard where they were located and a call to the local police. The Debtor's representative also filed a police report over the incident when it was discovered that the truck that held tools and equipment was empty.

10.     Debtor received the return of the trucks. However, some of the equipment, tools, and various other items were never returned.

11.     Counsel even spoke to Berleth and was told there was no equipment, tools, or any other items to return. Berleth did have a small box of items delivered to Counsel. The items in such box do not include the missing tools and equipment.

12.     Also among the various items taken were some documents, including titles to trucks and confidential client information. These items were in the Debtor's files when they were seized. These items also did not appear in the small box of items delivered to Counsel.

13.     Berleth finally provided an accounting to this Court on February 18, 2022, but such accounting is wanting in that it fails to discuss the items that the Debtor has identified as

missing. Berleth has not submitted an up-to-date report. Berleth has told counsel for Debtor that an accounting and inventory was filed in the state court proceeding but has not provided a copy for Debtor's counsel.

14. Berleth caused additional harm to the Debtor by contacting Debtor's clients and causing the clients to cancel pours and slabs. Debtor suffered a loss of revenue over $300,000 due to Berleth's actions, causing Debtor's business to be shut down.

15. Berleth's refusal to turnover the remaining property has further impeded the Debtor's ability to do business. Accordingly, the Debtor files this adversary complaint for turnover and damages.

## **COUNT ONE: TURNOVER**

16. Plaintiff repeats and realleges all prior paragraphs hereinabove and incorporates them herein by reference for all purposes as if set forth in full.

17. Berleth has possession of items that belong to the Debtor and initially refused to return the items. Of the items returned there are still tools and equipment missing. Such property needs to be returned to the Debtor. The property is necessary to facilitate the ability of the Debtor in its reorganization of its affairs.

18. Section 543(b)(1) and (2) of the Bankruptcy Code requires that "A custodian shall deliver to the trustee any property of the debtor held or transferred to such custodian…on the date that such custodian acquires knowledge of the commencement of the case; and file an accounting of any property…at any time, came into the possession, custody, or control of such custodian." Berleth finally provided an accounting to this Court on February 18, 2022, but such accounting is wanting in that it fails to discuss the items that the Debtor has identified as missing.

19. Berleth has not provided an up-to-date report. Berleth has told counsel for Debtor that an accounting and inventory was filed in the state court proceeding but has not provided a copy for Debtor's counsel.

20. Some of the items are identified in the two letters that were sent to counsel for Robert Berleth and Berleth and Associates and attached hereto as **Exhibit "A"** and incorporated herein by this reference as if set forth in full for all purposes.

21. Debtor requests a full accounting and inventory of all items seized by Berleth and that Berleth turnover all remaining property seized by Berleth that are property of the Debtor.

22. Further Debtor seeks any damages incurred as a result of Berleth's actions, including attorney's fees and costs.

## COUNT TWO: STAY VIOLATION

23. Plaintiff repeats and realleges all prior paragraphs hereinabove and incorporates them herein by reference for all purposes as if set forth in full.

24. By two letters, one dated November 10, 2021 and one dated November 29, 2021, counsel for the Debtor ("Counsel") requested return of the trucks, equipment, tools, and various other items that were still being held by Berleth after the bankruptcy case was filed. Berleth failed to comply with the provisions of Section 543(b)(1) and (2) of the Code.

25. Berleth refused to turnover the trucks and only relented after he demanded the Debtor pay the storage fees and provide for Berleth's fees in an administrative claim, effectively holding the items hostage. There was never a final agreement on these amounts but Berleth did finally allow for the trucks to be picked up, which resulted in a scene at the yard where they were located and a call to the local police. The Debtor's representative also filed a police report over the incident when it was discovered that the truck that held tools and equipment was empty.

26. Debtor received the return of the trucks. However, some of the equipment, tools, and various other items were never returned.

27. Counsel even spoke to Berleth and was told there was no equipment, tools, or any other items to return. Berleth did have a small box of items delivered to Counsel. The items in such box do not include the missing tools and equipment.

28. Also among the various items taken were some documents, including titles to trucks and confidential client information. These items were in the Debtor's files when they were seized. These items also did not appear in the small box of items delivered to Counsel.

29. Berleth has been requested to turnover and has refused to turnover property in clear violation of the automatic stay under 11 U.S.C. §362. Specifically, under 11 U.S.C. §362(a)(3) the bankruptcy stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"

30. After Debtor's numerous attempts to recover the seized the property, Berleth still holds possession of property owned by the Debtor. Berleth refuses to turnover the equipment and tools.

31. The property the Debtor has recovered was turned over without full cooperation from Berleth. Debtor made numerous demands for turnover and was forced to pay storage fees, moving costs, and filed a police report.

32. Berleth received notice of the bankruptcy case, not only through the Court, but also by numerous notifications by the Debtor. Despite this, Berleth knowingly, willfully, and in serial fashion, violated 11 U.S.C. §362.

33. For the reasons set forth above, Debtor wishes to pursue any remedies this court deems fit, specifically any and all remedies Debtor is entitled to under 11 U.S.C. §362(k)(1).

**COUNT THREE: CONVERSION**

28. Plaintiff repeats and realleges all prior paragraphs hereinabove and incorporates them herein by reference for all purposes as if set forth in full

29. Berleth was appointed as receiver of Robert Foran individually and seized substantially all assets of Debtor under an alter ego theory. Berleth made false representations to the State Court claiming Robert Foran was the sole owner of Debtor and therefore Debtor was simply the alter ego of Robert Foran. Berleth was informed of the Debtor's bankruptcy filing and Debtor demanded the return of property by two letters, one dated November 10, 2021 and one dated November 29, 2021 and various emails. Berleth refused the return of property without payment of fees and turnover of a truck not in Debtor's possession.

30. There are four elements to a conversion claim: (1) Plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) Defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with plaintiff's rights; (3) Plaintiff made a demand for the property; (4) Defendant refused to return the property. *Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899.

31. Berleth is liable for conversion of property. Debtor owned, had legal possession of, and was entitled to possession of the property seized by Berleth. Berleth was required to return the property and unlawfully exercised control over the property to the exclusion of and inconsistent with Debtor's rights. Debtor made numerous demands to Berleth for the return of property. Berleth refused to return the property. This relates to the tools and equipment that are still missing.

32. Accordingly, this Court should award damages to Debtor to compensate for the loss of property and its use. This Court should also award damages and attorney fees required to bring this complaint.

### COUNT FOUR: DISALLOWANCE OF CLAIM

33. Plaintiff repeats and realleges all prior paragraphs hereinabove and incorporates them herein by reference for all purposes as if set forth in full.

34. Berleth seized property of Debtor prior to the petition date. Berleth filed an Application for Allowance of Chapter 11 Administrative Expense Claim on February 18, 2022. Berleth is requesting $7,000.00 to be paid as an administrative expense claim in the bankruptcy. Berleth and Counsel tried to reach an agreement that the Debtor would pay for return of the equipment that was seized. A payment that should not have been required. However, even after trying to reach this agreement, Robert Berleth refused to return the items. Debtor instead worked things out with the storage facility in order to take possession of the trucks in storage. Additionally, Berleth has still not returned all items seized from Debtor.

35. The Fifth Circuit has held that a § 503(b)(1)(A) expense "must have been of benefit to the estate and its creditors." *Tex. v. Lowe (In re H.L.S. Energy Co., Inc.),* 151 F.3d 434, 437 (5th Cir. 1998). The benefit requirement is not an additional element to a § 503(b)(1)(A) claim, but rather a means for testing whether an expense is truly "necessary." "*Id.*" *In re Am. Coastal Energy*, 399 B.R. 805, 808-09 (Bankr. S.D. Tex. 2009). The Fifth Circuit has also held that § 503(b)(1)(A) pertains only to post-petition claims. *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.),* 258 F.3d 385, 387 (5th Cir. 2001).

36. Berleth's administrative claim arises out of a pre-petition claim. Fees that are claimed to have accrued post-petition could have been mitigated if Berleth had complied with the

bankruptcy stay and returned the seized items immediately. To date Berleth has still not fully cooperated and turned over seized property.

37. Berleth's actions have been of no benefit to this estate and have only caused Debtor harm. Debtor's ability to earn income and fund the plan was severely hindered by Berleth's actions.

38. Accordingly, this Court should deny Berleth's application for an administrative expense claim.

39. Debtor should also be awarded damages and attorney fees required to bring this adversary complaint.

**WHEREFORE, PREMISES CONSIDERED**, Debtor requests that the Court order Robert Berleth and Berleth and Associates to immediately (1) turn over the property described herein; (2) make a full accounting and inventory of all of Debtor's property; (3) award damages to the Plaintiff for the injuries caused by Robert Berleth and/or Berleth and Associates; (4) award reasonable attorney's fees and costs for this Complaint to the extent permitted by law and for such other and further relief, both at law and in equity, to which Plaintiff shows itself to be justly entitled.

DATED: March 7, 2022.

Respectfully submitted,

/s/ Joyce Lindauer
Joyce Lindauer
State Bar No. 21555700
1412 Main Street, Suite 500
Dallas, Texas 75202
(972) 503-4033
(972) 503-4034 (Fax)
**ATTORNEYS FOR DEBTOR**

# JOYCE W. LINDAUER ATTORNEY, PLLC
Attorney & Mediator
1412 Main Street, Suite 500
Dallas, Texas 75202
Email: joyce@joycelindauer.com

Telephone No.
(972) 503-4033

Facsimile No.
(972) 503-4034

November 10, 2021

**Via Email**
**rberleth@berlethlaw.com**
Robert Berleth
Berleth & Associates
9950 Cypresswood, Suite 200
Houston, TX  77070

Re:    Demand Letter for Turnover of Equipment and Trucks
       Preferred Ready-Mix LLC

Dear Mr. Berleth:

We have been retained by Preferred Ready-Mix, LLC as special counsel to seek recovery of certain trucks, other equipment and supplies that were removed from the premises of Preferred Ready-Mix, LLC. As you are aware upon the filing of a bankruptcy petition the Bankruptcy Code specifically authorizes the Debtor to seek recovery of and obtain return of property that was being held at the time of the filing by a custodian, such as a receiver. The pertinent Code Section is 543(b)(1) and (2) which provides that, "A custodian shall deliver to the trustee any property of the debtor held or transferred to such custodian … on the date that such custodian acquires knowledge of the commencement of the case; and file an accounting of any property … at any time, came into the possession, custody, or control of such custodian."

The items that you are currently holding include the following:

Mechanic Truck 2003 Ford Model F250 Body Style Plate AE62588
Truck 101 1999 Peterbilt 357 Mixer Truck VIN # [Last 3] 525
Truck 105 1999 Peterbilt  Mixer Truck VIN # [Last 3] 173
Truck 106 2000 Peterbilt Mixer Truck VIN # [Last 3] 435
Truck 07 1999 Peterbilt Mixer Truck VIN # [Last 3] 167
Truck 109 1999 Peterbilt Mixer Truck VIN #[Last3] 751
Truck 110 2000 Peterbilt Mixer truck Vin # {Last 3] 746
Compressor and Tools on Mechanic Truck [same as above]
Office Supplies taken from office

Accordingly as required by the Bankruptcy Code demand is made on you to return these items to the Debtor immediately and provide the required accounting.  We would expect this to

Page 1

**EXHIBIT "A"**

occur by no later than Monday, November 15, 2021 at 5:00 PM CST. If you are unable to comply with this demand please provide your response to the undersigned so we may timely present this matter to the Bankruptcy Court.

Your immediate attention to this matter is expected.

Very truly yours,

JOYCE W. LINDAUER ATTORNEY, PLLC

By: _____
Joyce W. Lindauer

**JOYCE W. LINDAUER ATTORNEY, PLLC**
Attorney & Mediator
1412 Main Street, Suite 500
Dallas, Texas 75202
Email: joyce@joycelindauer.com

Telephone No.  Facsimile No.
(972) 503-4033  (972) 503-4034

November 29, 2021

**Via Email**
Robert Berleth
Berleth & Associates
9950 Cypresswood, Suite 200
Houston, Texas 77070
Email: rberleth@berlethlaw.com

**RE:   Demand Letter for Turnover of Equipment and Tools**
       **Preferred Ready-Mix LLC**

Dear Mr. Berleth:

    The law firm of Joyce W. Lindauer, PLLC has been retained to represent the legal interests of Preferred Ready-Mix LLC. As you are aware upon the filing of a bankruptcy petition the Bankruptcy Code specifically authorizes the Debtor to seek recovery of an obtain return of property that was being held at the time of the filing by a custodian, such as a receiver. The pertinent Code Section is 543(b)(1) and (2) which provides that, "A custodian shall deliver to the trustee any property of the debtor held or transferred to such custodian…on the date that such custodian acquires knowledge of the commencement of the case; and file an accounting of any property…at any time, came into the possession, custody, or control of such custodian."

    We have previously contacted you about the turnover of the equipment and trucks. We had agreed that the debtors would be allowed to take custody of the equipment and trucks and the debtors were able to come into possession of the trucks on or around November 20, 2021. The equipment and tools that were seized by you were not turned over, however. The items inside of the mechanic truck are missing, which include a compressor and tools valued at around $50,000.00. Other items missing include a Cummins insite computer, a stick Miller welder, wrenches, impacts, sockets, tire tools, electric diagnostic tools, and various other tools and equipment. Additionally, there were office supplies including files, walkie talkies, and billing information that remains missing.

    Preferred Ready-Mix LLC has filed a police report for the missing items as being lost or stolen. These items were in your immediate custody and control and you have refused to comply with a court order to turnover the property. You have **TEN (10) BUSINESS DAYS** to respond to this communication and/or carry out the terms of your contract with our client. Should you fail to do so, our client may seek to pursue any and all of his legal options in this matter.

    If you have any issues, questions, or concerns regarding such demands, you may call me at (972) 503-4033 or contact me by email at joyce@joycelindauer.com.

Sincerely,

Austin Y. Taylor
Attorney-at-Law

Copy to: *Client*