UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
HECTOR DURAN
TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, Texas   77002
Telephone: (713) 718-4650 x 241
Mobile: (202) 527-4538
Fax: (713) 718-4670

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| PREFERRED READY-MIX LLC | § | 21-33369 (JPN) |
| | § | (Chapter 11) |
| DEBTOR | § | |
| | § | |
| UNITED STATES TRUSTEE FOR REGION 7 | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | |
| | § | |
| JESSICA LEE HOFF and HOFF LAW OFFICES PC | § | |
| | § | |
| Respondents | § | |

**MOTION OF THE UNITED STATES TRUSTEE TO HOLD RESPONDENTS**
**IN CIVIL CONTEMPT AND TO IMPOSE ADDITIONAL SANCTIONS**

1

**BLR 9013 NOTICE:** **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**THERE WILL BE A HEARING ON THIS MOTION ON THURSDAY, APRIL 22, 2022 AT 11:00 AM (HOUSTON TIME) IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, COURTROOM 403, 515 RUSK, HOUSTON, TX 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 ("U.S. Trustee") moves this Court under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9014 and 9020 to hold Respondents in civil contempt and to impose additional sanctions against Respondents as the Court deems just and proper under the circumstances, and represents as follows:

**I.     Preliminary Statement**

On January 12, 2022, the Court entered the *Order and Referral to Chief Judge of the United States District Court for Attorney Discipline* (the "Sanctions Order"). *See* Dkt. No. 52. The U.S. Trustee seeks a finding of civil contempt and imposition of additional sanctions because the Respondents to date have failed to comply with the Sanctions Order.

**II.  Jurisdiction, Venue & Constitutional Authority to Enter a Final Order**

1.     The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district under 28 U.S.C. § 1408.

2. The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

3. Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7 under 28 U.S.C. § 581(a)(7).

4. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

5. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the U.S. Trustee is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the U.S. Trustee deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(3)(G).

### III. Factual Background

6. On October 14, 2021 ("Petition Date"), the Debtor filed a petition seeking relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has operated as a debtor in possession. No trustee or examiner has been appointed in these chapter 11 cases.

7. On November 19, 2021, the U.S. Trustee filed the *Motion of the United States Trustee to (1) Examine Debtor's Transactions with Attorney; (2) Cancel Debtor's Agreement with Attorney; (3) Disallow and Order Disgorgement of Excessive Fees; and (4) Impose Sanction Against Attorney* (the "Enforcement Motion"). *See* Dkt. No. 13.

8. On January 12, 2022, the Court entered the Sanctions Order after an evidentiary hearing. *See* Dkt. No. 52. The Court found the Debtor received inconsequential or no benefit from the $20,000.00 paid to Respondents for legal services in connection with this chapter 11 bankruptcy case. *Id.* at p. 5. Further, the Court ordered:

> Attorney Jessica Lee Hoff and Hoff Law Offices PC shall return the sum of $20,000.00 to the debtor on or before ten (10) days of the date of entry of this Order. This is a disgorgement order of the pre-petition retainer she received, failed to properly disclose and has not earned.
>
> Any agreements between Hoff and the Debtor Preferred Ready-Mix LLC are canceled.
>
> Monetary sanctions of $9,000 payable to the debtor are imposed on Respondent, Jessica Lee Hoff and Hoff Law Offices PC. Said sum to be paid on or before 60 days from the date this order becomes final.
>
> Respondent, Jessica Lee Hoff may not file or appear in any case before this Judge for a period of 2 years or until the sanction award above is paid, whichever event occurs later.
>
> The Court refers this matter to the Chief Judge of the District Court of Southern District of Texas with a copy to the Clerk of Court for further discipline.

*Id*.

9. To date, the Respondents have failed to comply with the Sanctions Order.

### IV. Argument and Authorities

**A.** **Respondents are in Contempt of the Court's Sanctions Order**

10. "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "The [Bankruptcy] Court . . . has the power, under § 105(a), to issue sanctions under its civil contempt power or pursuant to its equitable powers." *Sanchez v. Ameriquest Mortg. Co. (In re Sanchez),* 372 B.R. 289, 310 (Bankr. S.D. Tex. 2007)(citing *Placid Ref. Co. v. Terrebonne Fuel & Lube, Inc. (In re*

4

*Terrebonne Fuel & Lube, Inc.),* 108 F.3d 609, 613 (5th Cir. 1997)("The language of [§ 105] is unambiguous. Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code."); *Harris v. Wash. Mut. Home Loans, Inc. (In re Harris),* 297 B.R. 61, 70 (Bankr. N.D. Miss. 2003)("[Section] 105 provides a bankruptcy court with statutory contempt powers, in addition to whatever inherent contempt powers the court may have.") *aff'd,* 312 B.R. 591 (N.D. Miss. 2004).[1]

11. "It is settled law that the power to punish for contempt is an inherent power of the federal courts and that it includes the power to punish violations of their own orders." *Ingalls v. Thompson (In re Bradley),* 588 F.3d 254, 265 (5th Cir. 2009)(quoting *United States v. Fidanian,* 465 F.2d 755, 757 (5th Cir. 1972)). That inherent power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." *Bradley* at 265 (quoting *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797 (1911)). As the Supreme Court explained, "[i]f a party can make himself the judge of the validity of the orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls the 'judicial power of the United States' would be a mere mockery." *Id.*

12. A bankruptcy court may hold a party in contempt if: (1) a court order was in effect; (2) that order required or prohibited certain conduct by the respondent; and (3) the respondent failed to comply with the order. *In re Bradley*, 588 F.3d at 264 (quoting *FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)).

---

[1] Bankruptcy courts lack the power to hold persons in criminal contempt. *Terrebonne Fuel,* 108 F.3d at

13. The facts here are unequivocal. The Sanctions Order is a final order. It requires that Respondents return the sum of $20,000.00 to the Debtor no later than ten days of the date of the entry of the Sanctions Order and pay monetary sanctions of $9,000.00 to the Debtor no later than sixty days of the date the Sanctions Order becomes final. The Respondents have failed to comply with the Sanctions Order. The Court should not countenance this willful behavior and should issue contempt sanctions against the Respondents.

**B.     The Court Should Use Its Inherent Authority to Issue Additional Contempt Sanctions, as the Court Deems Just and Proper under the Circumstances**

14. The Court should use its inherent equitable powers to issue such other and further contempt sanctions as the Court deems appropriate under the circumstances. This could include, but are not limited to, enhancing unpaid legal fees to deter repeat behavior,[2] per diem fines,[3] and incarceration.[4]

### V. Reservation of Rights

15. The U.S. Trustee reserves the right to request an award of attorney's fees, costs and expenses incurred in connection with the filing of the Enforcement Motion and this Motion should the Court find that Respondents engaged in bad-faith conduct.

WHEREFORE, the U.S. Trustee requests that this Court enter an order:

(1)   finding the Respondents to be in civil contempt of the Sanctions Order;
(2)   issuing additional sanctions against Respondents as the Court deems just, proper and appropriate under the circumstances; and
(3)   granting such other and further relief as may be equitable and just.

---

614, n. 3.
[2] *See In re Hughes*, 360 B.R. 202, 209 (Bankr. N.D. Tex. 2007).
[3] *See Ramirez v. Rodriguez (In re Ramirez)*, No. 09-70051, 2010 WL 1904270, at *11 (Bankr. S.D. Tex. May 11, 2010) (Isgur, J.).
[4] *See In re Norris*, 192 B.R. 863, 877 (Bankr. W.D. La. 1995), *aff'd*, 114 F.3d 1182 (5th Cir. 1997).

Dated:  March 8, 2022　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　KEVIN M. EPSTEIN
　　　　　　　　　　　　　　　　　　　　UNITED STATES TRUSTEE

　　　　　　　　　　　　　　　By:　　/s/ *Hector Duran*
　　　　　　　　　　　　　　　　　　　Hector Duran
　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　Texas Bar No. 00783996
　　　　　　　　　　　　　　　　　　　515 Rusk, Suite 3516
　　　　　　　　　　　　　　　　　　　Houston, TX 77002
　　　　　　　　　　　　　　　　　　　Telephone: (713) 718-4650 x 241
　　　　　　　　　　　　　　　　　　　Mobile: (202) 527-4538
　　　　　　　　　　　　　　　　　　　Fax: (713) 718-4670

## CERTIFICATE OF SERVICE

　　I hereby certify that a true and correct copy of the foregoing was served upon the parties listed below by United States Mail, first class, postage prepaid, ECF transmission or BNC noticing, on the 8th day of March, 2022.

　　　　　　　　　　　　　　　　　　　/s/ Hector Duran
　　　　　　　　　　　　　　　　　　　Hector Duran

DEBTOR:

Preferred Ready-Mix LLC
8750 Scranton Street
Houston, TX  77041

DEBTOR'S COUNSEL:

Joyce W. Lindauer, Esq.　　　　　　　(Via Email at joyce@joycelindauer.com)
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202

RESPONDENTS:

Jessica Lee Hoff, Esq.　　　　　　　　(Via Email at jhoff@hofflawoffices.com)
Hoff Law Offices PC
440 Louisiana, Suite 900
Houston, TX  77002

SUBCHAPTER V TRUSTEE:

Allison D. Byman            (Via Email at adb@bymanlaw.com)
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX  77581

PARTIES REQUESTING NOTICE:

Texcon Ready Mix Inc.
c/o Jeffery B. Kaiser, Esq.      (Via Email at jkaiser@kaiser-law.com)
Kaiser, P.C.
2211 Norfolk, Suite 528
Houston, TX  77098

Cameron Rosele
c/o Derek W. Loetzerich, Esq.    (Via Email at derek@loetzerichlaw.com)
P.O. Box 542069
Houston, TX  77254

Cameron Rosele
c/o Evan B. Lange, Esq.          (Via Email at evan@evanlangelaw.com)
Evan Lange Law PLLC
14015 Southwest Frwy., Suite 14
Sugar Land, TX  77478

M & N Law Firm PLLC
c/o John Na, Esq.                (Via Email at john@mnnlawfirm.com)
6588 Corporate Drive, Suite 188
Houston, TX  77036

Alisons Inc. LLC
c/o Brendon Singh, Esq.          (Via Email at bsingh@ts-llp.com)
Tran Singh LLP
2502 La Branch St.
Houston, TX  77004

Wayne C. Tyson
c/o Brendon Singh, Esq.          (Via Email at bsingh@ts-llp.com)
Tran Singh LLP
2502 La Branch St.
Houston, TX  77004

Ray Young, Jr.
c/o Lisa Ventress, Esq.
Ventress Firm, P.C.
1322 Space Park Dr., Suite C222
Houston, TX  77058

TWENTY LARGEST UNSECURED CREDITORS:

BlueVine Capital
401 Warren St., Suite 300
Redwood City, CA  94063

FundThrough USA Inc.
260 Spadina Avenue
Toronto, ON, Canada m5t 2e4

Intuit Quickbooks
2700 Coast Avenue
Mountain View, CA  94043

WEX Bank
P.O. Box 4337
Carol Stream, IL  60197-4337

Active Radiator
3675 Amber Street
Philadelphia, PA  19134

AG Barn Management LLC
P.O. Box 409
Mayfield, KY  42066

Alisons Inc.
1220 Shotwell Street
Houston, TX  77020

AT&T
208 S. Akard Street
Dallas, TX  75202

Bank Direct Capital Finance
150 N. Field Drive, Suite 190
Lake Forest, IL  60045

Cameron Rosele
10457 Royal Andrews Drive
Conroe, TX  77303

Campbell Concrete & Materials LLC
16155 Park Row, Suite 120
Houston, TX  77084-6971

Cirro Energy
2745 Dallas Pkwy., Suite 200
Plano, TX  75093

Con-Tech Manufacturing Inc.
67079 170th Avenue
Dodge Center, MN  55927

Deon Wallace
2911 Ashlyn Arbor Drive
Fresno, TX  77545

Gulfgate Dodge
7250 Gulf Frwy.
Houston, TX  77017

Lopez Concrete Chipping
7802 Pecan Villas Drive
Houston, TX  77061

Mai & Na PLLC
6588 Corporate Drive, Suite 188
Houston, TX  77036

Matthew Tyson
5511 Olympiad Drive
Houston, TX  77041

McNielius Truck & Manufacturing Company
14201 Collections Center Drive
Chicago, IL  60693

Medellin Concrete Chipping Ser, Inc.
P.O. Box 225
South Houston, TX  77587

Rhino Ready Mix LLC
6638 Madden Lane
Houston, TX  77048

Robert W. Berleth, Receiver
9950 Cypresswood Drive, Suite 200
Houston, TX  77070

Texas Truck Parts
2802 N. Wayside Drive
Houston, TX  77020

Texcon Ready Mix
2078 FM 1314
Porter, TX  77365

Verizon Reveal
1095 Avenue of the Americas
New York, NY  10036

Wayne Tyson
19238 San Solomon Springs Court
Cypress, TX  77433