UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-33369 |
| Preferred Ready-Mix | § | |
| | § | |
| | § | |
| | § | CHAPTER 11; SubV |
| DEBTOR. | § | |

**APPLICATION FOR APPROVAL OF COMPENSATION
FOR SUBCHAPTER 5 TRUSTEE**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**A HEARING HAS BEEN SCHEDULED FOR APRIL 22, 2022 AT 11:00 A.M. ALL HEARINGS BEFORE JUDGE NORMAN WILL BE HELD ON A HYBRID BASIS. PARTIES MAY APPEAR EITHER REMOTELY OR IN PERSON UNLESS THE COURT ORDERS OTHERWISE AS AUTHORIZED BY GENERAL ORDER 2021-15. SEE JUDGE NORMAN'S WEBSITE FOR DETAILS ON APPEARING REMOTELY:   https://www.txs.uscourts.gov/page/united-states-bankruptcy-judge-jeffrey-p-norman**

1

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, the Subchapter V Trustee ("Trustee") for Preferred Ready-Mix LLC (the "Debtor") submits this Final Application for Approval of Compensation for Subchapter V Trustee (the "Fee Application") and would show as follows.

## SUMMARY

| | |
|---|---|
| **Name of Applicant** | Allison D. Byman |
| **Role of Applicant** | Subchapter V Trustee |
| **Date Order of Employment Signed:** | n/a |
| **Time Period Covered:** | November 23, 2021- March 9, 2021 |
| **Total fees requested in this Application** | $4,160.00 |
| **Total Professional fees requested in this Application** | $4,160.00 |
| **Total actual professional hours covered by this Application** | 10.4 |
| **Average hourly rate for professionals** | $400 |
| **Reimbursable expenses sought** | $71.72 |
| **Total to be paid to Priority Unsecured Creditors:** | Unknown, claim objections pending |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | 100% |
| **Total to be paid to general unsecured creditors:** | Approximately $400,000 |
| **Anticipated dividend to general unsecured creditors:** | 50% |
| **Date of Confirmation Hearing** | 2/23/2022 |
| **Indicate whether plan has been confirmed:** | Yes |

1. Debtor filed a voluntary petition for relief on October 14, 2021 (the "Petition Date") and amended its petition to a case under Subchapter V of Chapter 11 of Title 11, as a small business debtor as defined by 11 U.S.C. § 101(51D) of the Bankruptcy Code on November 19, 2021 [Docket 14].

2. Trustee was appointed November 29, 2021 pursuant to 11 U.S.C. § 1183(a) and notified the Court and all creditors and parties in interest through her *Verified Statement of Subchapter V Trustee* of her intent to seek compensation at an hourly rate of $350/hr. pursuant to 11 U.S.C. § 330 [Docket No. 36].

3. By this Fee Application and pursuant to 11 U.S.C. § 330(a), Trustee seeks approval and payment of her fees from November 23, 2021 through March 9, 2022 in the amount of $4,160.00 in fees and $71.72 in expenses.

## BASIS FOR RELIEF

4. Section 330(a)(1) of the Bankruptcy Code allows for the payment of reasonable compensation for actual services rendered by a trustee and reimbursement for actual, necessary expenses.

5. Reasonableness of compensation is determined by analyzing the twelve factors set forth in *In re First Colonial Corp. of America.*, 544 F.2d 1291 (5th Cir. 1977).

6. <u>Time and Labor Required</u>. Trustee has set forth the actual time expended by Trustee in detail in **Exhibit 1** which is a detailed time record of billable hours incurred by Trustee in connection with her Subchapter V duties in this case. Trustee expended a total of 10.4 hours for a total professional fee in the amount of $4,160.00. Trustee incurred expenses totaling $71.72 in connection with serving this Fee Application to

all creditors. Trustee believes that the amount requested as compensation for services rendered is reasonable, necessary and should be approved.

7. Novelty and Difficulty of Questions. This case did not present especially novel or difficult questions but there were issues related to the original manner in which the case was filed and the Debtor's lawyer who filed the case. Debtor's efforts to administer the estate in an orderly fashion resulted in the need for certain extensions and the setting of specific dates.

8. Skills Requisite to Properly Perform the Legal Services. The skills required of the Trustee entailed a solid understanding of chapter 11 bankruptcy cases, small business reorganizations as well as the ability to adapt to the situations associated with Subchapter V cases.

9. Preclusion of employment. Trustee was not precluded from other employment due to the acceptance of this case.

10. Customary fees. Applicant charged her customary standard billing rate to this matter. Applicant's rate increased from $350 per hour to $400 per hour just prior to taking this case. Applicant's rates are commensurate with, or less than, those of other area bankruptcy attorneys with similar experience.

11. Fixed fee. Trustee calculated her fee on the basis of an hourly rate for the services performed. Trustee agreed to accept appointment of the Subchapter V case at an hourly rate of $400.00 which is now her usual and customary fee.

12. Limitations imposed by the Code or Other Circumstances. Trustee attempted to work to meet deadlines imposed by the Court and the Bankruptcy Code. This case was confirmed on what appears to be a relatively typical Subchapter V timeline and Trustee

worked with Debtor's counsel and creditors to attempt to satisfy all issues in that period of time.

13. <u>Necessary for Administration or Beneficial to the Case</u>.  The services rendered by Trustee in the case were necessary for the administration of the case and in line with the duties set forth in Subchapter V.

14. <u>Undesirability of the Case</u>.   Like all chapter 11 bankruptcy cases, this case presented the possibility that confirmation would not occur. However, the Debtor succeeded in confirming a consensual plan in a timely manner such that the undesirability of the case did not factor into the fees incurred by the Trustee.

15. <u>Awards in Similar Cases</u>.  The Trustee has served as a Subchapter V trustee in several cases and received approval of a fee application in those Subchapter V cases on similar terms charging $350 per hour.  This is true for cases with confirmed plans and with dismissals or conversions.   The Trustee believes the fees and expenses sought here are being approved in similar cases for other Subchapter V trustees also.

16. <u>Results achieved</u>.   Trustee assisted Debtor in incorporating subchapter V analysis into the plan of reorganization and participated in the required subchapter V settings. Trustee discussed plan revisions extensively with Debtor's counsel.  The plan was confirmed.

## FEES REQUESTED

17. Trustee worked 10.4 hours in connection with her Subchapter V duties.   She incurred expenses of $71.72 in connection with the service of this fee application.  The fees and

expenses are set forth in the attached <u>Exhibit 1.</u> Trustee believes these fees and expenses are reasonable, necessary and appropriately reimbursable.

Trustee respectfully requests that this Court enter an Order approving Trustee's application for an allowance of fees in the amount of $4,160.00 for time incurred through March 9, 2022 and expenses in the amount of $71.72.

Dated: March 10, 2022           */s/ Allison D. Byman, Trustee*
                                Allison D. Byman
                                Subchapter V Trustee
                                Byman & Associates PLLC
                                7924 Broadway, Suite 104
                                Pearland, TX 77581
                                281.884.9269 phone
                                adb@bymanlaw.com