# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>**PREFERRED READY MIX, LLC**<br><br>DEBTOR. | **CASE NO: 21-33369-11**<br>**Chapter 11** |

## ROBERT BERLETH'S APPLICATION FOR ALLOWANCE OF
## <u>CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM</u>

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 24 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

To the Honorable Jeffrey P Norman:

COMES NOW, Receiver, ROBERT BERLETH ("Mr. Berleth" or "Receiver") as appointed Receiver over co-Debtor ROBERT FORAN in Cause No. 19-DCV-267154, styled *Cameron Roesle v. Robert Foran et. al.,* in the 400th Judicial District Court in and for Fort Bend County, Texas, files this Objection to the Plan of Reorganization (the "Plan") filed by the Debtor at Docket 43, and in support thereof shows as follows:

# EXHIBIT "2"

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue for this case and the Motion are proper pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief requested herein is 11 U.S.C. § 503(b).

## FACTUAL BACKGROUND

2.      Following an unpaid final judgment from 2019, the 400TH District Court of Fort Bend County, Texas appointed Robert Berleth as Receiver by Order, over Robert Foran and Nolan Star Trucking, LLC. *See* Exhibit A.

3.      On September 30, 2021 the Court granted an order and ordered the Receiver to immediately seize the physical assets of Preferred Ready-Mix, LLC. *See* Exhibit B. The Receiver incurred expenses from towing and storage of the physical assets in the amount of $11,938.80.

4.      Debtor filed a voluntary petition under Chapter 11 on October 14, 2021.

5.      On or about November 11, 2021, Mr. Berleth was in communication with Joyce W. Lindauer, Attorney for Debtor, about the assets he had seized before the Debtor filed bankruptcy. Both negotiated and agreed that the Debtor would pay to the towing and storage yard $2,500.00 to cover post-petition storage costs, and the plan would classify $7,000.00 of expenses that Mr. Berleth incurred for towing and storage as an administrative expense claim.  See attached Exhibit C.

6.      Berleth objects to the misclassification and omission of Robert Berleth's claim. Berleth been misclassified as a wholly unsecured debtor. He holds an Administrative Expense Claim in the amount of $7,000.00 against the debtor.

## **RELIEF REQUESTED**

7.     Berleth requests allowance and immediate payment of its Administrative Claim in the amount of $7,000.00.

8.     Under 11 U.S.C. § 503(b)(1)(A):

> (b) After notice and a hearing, there shall be allowed administrative expenses . . .,

> (1)(A) the actual, necessary costs and expenses of preserving the estate . . . .

9.     Bankruptcy Code section 503(a) allows a creditor to request allowance of administrative expenses it incurred, such as for goods and services the creditor provided post-petition for the estate's benefit. See *Toma Steel Supply, Inc. v. Transamerican Nat. Gas Corp.* (*In re Transamerican Nat. Gas Corp.*), 978 F.2d 1409, 1415-16 (5th Cir. 1993); *In re ATP Oil & Gas Corp.*, 2014 Bankr. LEXIS 1050 (Bankr. S.D. Tex. Mar. 18, 2014) (awarding administrative expenses for post-petition maintenance and repair work); see also *Trustees of Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 101 (2d Cir. 1986) (holding that an administrative claim is allowed if it arises from a transaction with the debtor in possession and "the consideration Case 18-34112 Document 431 Filed in TXSB on 04/30/20 Page 3 of 5 {04001478.DOCX;3 } supporting the claimant's right to payment was both supplied to and beneficial to the debtor in possession in the operation of its business."). The amount of the claim is equal to the value of the goods or services provided. See *Toma Steel*, 978 F.2d at 1415–1416. The contract rate is presumed to be the fair market value of the goods or services provided. *In re UTEX Communs. Corp.*, 457 B.R. 549, 569 (Bankr. W.D. Tex. 2011) (adopting the contract rate as the presumptive fair market value of services provided); *Collet Ventures, Inc. v. Inexco Oil Co.*, 1990 U.S. Dist. LEXIS 7444, at *7 (W.D. Mo. June 8, 1990) ("[t]he contract rate is presumed to be the fair and reasonable value of

the product received"); see *N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (stating the "reasonable value of those [post-petition] services . . . may be what is specified in the contract"); *In re DVI, Inc.,* 308 B.R. 703, 708 (Bankr. D. Del. 2004) (presuming the contract rate to be the fair market value of the benefit conferred by a lease).

10.     Berleth requests a chapter 11 administrative claim in the amount of $7,000.00, equal to the cost and expense used for towing and storage of the Debtor's assets and which the Debtor agreed that the $7,000.00 in expenses would be classified as an administrative claim in exchange for the assets being returned so that the Debtor could continue to conduct business. The cost of these goods and services are ordinarily incident to the operation of the Debtor's business and representative of the value received by the Debtor. Therefore, Berleth is entitled to the amount of post-petition costs as an administrative claim.

WHEREFORE PREMISES CONSIDERED, Berleth requests that the Court enter an order allowing it a chapter 11 administrative claim in the amount of $7,000.00, direct immediate payment by the Debtors and grant Berleth other and further relief as just.

**Dated: February 18, 2022.**          Respectfully submitted by:


**BERLETH & ASSOCIATES**
Robert W. Berleth
Texas Bar # 24091860
SDOT #:  3062288
9950 Cypresswood, Ste. 200
Houston, Texas 77070
E-mail: rberleth@berlethlaw.com
Tele: 713-588-6900
APPOINTED RECEIVER FOR R. FORAN

## <u>CERTIFICATE OF CONFERENCE</u>

I, undersigned counsel hereby certify that I have discussed or attempted to discuss the foregoing instrument prior to filing with Joyce Lindauer:
.
1) On or about November 9 2021 Debtor's bankruptcy council, Joyce Lindauer made contact with the Receiver about releasing the assets of the Debtor back to the debtor.
2) On November 11, 2021, the Receiver called Joyce Lindauer and left a message. The phone called was answered with an email with an offer to give $2500 now and add $7000 as an Administrative Claim later. The trucks were then exchanged for the $2500 the following week.
3) On or about January 5, 2022, and again on January 27, 2022 the Receiver emailed Ms. Joyce to see why the Receiver's $7,000 expense was not add as an Administrative Claim. There as yet to be a response from Ms. Joyce.

Affirmed.

**BERLETH & ASSOCIATES**
Robert W. Berleth
Texas Bar # 24091860
SDOT #: 3062288
9950 Cypresswood Dr., Ste. 200
Houston, Texas 77070
E-mail: rberleth@berlethlaw.com
Tele: 713-588-6900
Fax: 713-481-0894

APPOINTED RECEIVER FOR R. FORAN

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument(s) has been served on all parties in interest as listed below by ECF transmission and/or by email and/or by facsimile and/or by depositing the same in the U.S. mail, regular mail, postage prepaid on this 28TH day of January, 2022.

**BERLETH & ASSOCIATES**
Robert W. Berleth

Courtesy Copies to:

**DEBTOR**

Preferred Ready Mix, LLC
8750 Scranton St.
Houston, TX 77041

**DEBTORS ATTORNEY**

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone (972) 503-4033

**TRUSTEE**

Allison Byman
Byman & Associates PLLC
7924 Broadway  Suite 104
Pearland, TX 77581
Telephone- 281-884-9768

Filed
5/27/2020 1:09 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Sabrina Schiro

## NO. 19-DCV-267154

| | | |
|---|---|---|
| CAMERON ROESLE,<br>    *Plaintiff*,<br><br>vs.<br><br>ROBERT FORAN and<br>NOLAN STAR TRUCKING, LCC<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>400TH JUDICIAL DISTRICT<br><br>FORT BEND COUNTY, TEXAS |

## ORDER APPOINTING RECEIVER

On the date of entry below, this Court considered Judgment Creditors post-judgment Application for Turnover relief and to Appoint a Receiver, reviewed the documents on file, relevant statutory and case law, admissible evidence, all arguments of the parties and counsel, and finds the Judgment Creditors may aid from this action.

The Court DEFINES that:

1)    "Plaintiff(s)" or "Judgment Creditor" refers to CAMERON ROESLE, and may be reached at the counsel of record:

> Evan Lange Law, PLLC
> 14015 Southwest Fwy. #14
> Sugar Land, Texas 77478
> 713.909.4558-telephone

"Defendant(s)" or "Judgment Debtor(s)", collectively and individually refers to the following Defendants:

---

ROESLE, CAMERON – PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANTS, PAGE 1 OF 25



**a.** Nolan Star Trucking:

> Registered Agent:
> 13723 Greywood Drive
> Sugar Land, Texas 77498-2715

**b.** Robert Foran:

> 26311 Parkman Grove Dr.
> Richmond, TX 77406
> DATE OF BIRTH:  01/27/1979
> SSN: xxx-xx-xxxx
>
> ACCURINT (LEXIS) ID: 000110448702

2)    "Receiver" or "Master" refers to: ROBERT W. BERLETH.  Receiver

and Master[1] is the agent of this Court (not the attorney for any party), and is to be

treated with the same courtesy accorded to the Court.

> BERLETH & ASSOCIATES
> Texas Bar # 24091860
> SDOT #:  3062288
> rberleth@berlethlaw.com
> 9950 Cypresswood Drive
> Suite 200
> Houston, Texas  77070
> E-mail: rberleth@berlethlaw.com
> Tele: 713-588-6900
> Fax: 713-481-0894

3)    "Judgment" refers to the Order entered by this Court on December 12,

2019  The Judgment amount is $164,645.68, with $8,475.00 awarded for attorney's

---

[1] *Davis v. Radoff*, 317 S.W.3d 301, (Tex.App-Hou 1st 2009), (citing *Ramirez v. Burnside & Rishebarger, L.L.C.*, No. 04-04-00160-CV, 2005 WL 1812595 (Tex. App.-San Antonio Aug. 3, 2005, no pet.) (mem. op.)) "Once an individual is cloaked with derived judicial immunity because of a particular function being performed for a court, every action taken with regard to that function-whether good or bad, honest or dishonest, well-intentioned or not-is immune from suit. Once applied to the function, the cloak of immunity covers all acts, both good and bad."



fees, post-judgment interest at the rate of 5% per annum. The Debtors are credited with $0.00 towards the Judgment amount. And, the Defendants were ordered to return the 2010 Mack Daycab Truck VIN#1M1AN09YOANOO6108 and 2004 Vantage End Dump Trailer VIN#4E7AA39224ATAO309. As of the date of entry of this order $173,120.68 remains owed and due from the Defendant to the Plaintiff and is subject to the Receiver's actions.

**The Court FINDS that:**

1)　　Judgment Creditors own unsatisfied final judgments against Judgment Debtors.

2)　　Judgment Creditors have good faith reasons to believe that Debtor owns non-exempt rights to present or future property that cannot be readily attached or levied on by ordinary legal process as required by the standard set forth in *Tanner*[2]. Such property includes, but is not limited to, real property, tangible and intangible assets, other property, professional corporations which have accounts receivable, bank accounts that are easily moved and constantly changing in balance, and community property held jointly. The appointment of a Receiver to locate, marshal, and administer assets is justified because the Court believes that non-exempt assets exist which Judgment Creditors are justified in believing Debtor will hide.

3)　　A Receiver is necessary to carry out this Court's prior orders, and that the Receivership is necessary not to harass, but to serve justice. A Receiver

---

[2] *Tanner v. McCarthy,* 274 S.W.3d 311 (Tex. App.-Houston [1st Dist.] 2009, no pet.)



is necessary in this case pursuant to the Texas Turnover Statute, TEX. PRAC. & REM. CODE § 31.002 and the Texas Fraudulent Transfer Act §24.009, with the power and authority to take possession of all leviable property of Defendants.

4)     The unique power of a Receivership derives from the doctrine of *custodia legis.* Once a turnover order containing an appointment of a Receiver is signed, all of the judgment debtor's nonexempt property becomes property in *custodia legis,* or "in the custody of the law".[3] In other words, the judgment debtor's property is considered to be in the constructive possession of the court. During the pendency of a Receivership, the Receiver has exclusive possession and custody of the judgment debtor's property to which the Receivership relates.[4]

5)     Pursuant to this order, the Receiver will have a judicial lien on all non-exempt assets of Debtor and on all non-exempt community assets of Debtor, regardless of whether the Receiver takes actual possession. No one-not even a lien holder with a prior filed deed of trust-can sell property held in *custodia legis* by a duly appointed Receiver without first obtaining approval from the Court in which the Receivership is pending.[5] Any unauthorized transfer of property in the custody of a Receiver is *not merely voidable, it is* void.[6] Thus, any attempt by a judgment debtor to transfer any of his nonexempt property after the turnover order has been signed is void, and any conveyance of property in the custody of a Receiver

---

[3] *First Southern Properties, Inc. v. Vallone,* 533 S.W.2d 339, 343 (Tex. 1976).
[4] *First S. Props.,* at 343; *Ellis v. Vernon Ice Co. & Water Co.,* 86 Tex. 109, S.W. 858 (1893).
[5] *First S. Props.,* at 341; *Huffmeyer v. Mann,* 49 S.W.3d 554,560 (Tex.Civ.App.-Corpus Christi, 2001).
[6] *First S. Props.,* at 341.

Electronic Certified Copy



without approval by the court has no effect upon the Receivership and the accomplishment of its purposes.[7]

6)    The Judgment is not considered a "consumer debt" as defined by the 15 U.S. Code § 1692, the Fair Debt Collection Practices Act (FDCPA).

7)    This Order specifically serves as the Court order required by 47 USC Sec. 551, and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing personally identifiable information of the subscriber and/or customer.

8)    The disclosure of information pursuant to this Order is not a violation of PUC Substantive Rule 25.272. This Order satisfies the law, regulation, or legal process exception to the Proprietary Customer Information Safeguards found in PUC Substantive Rule 25.272 (g)(1).

**THEREFORE, the Court ORDERS the relief as set out below:**

9)    The Court assumes jurisdiction over and takes possession of Defendant's non-exempt property (collectively, the "Receivership assets"). Defendant is enjoined from selling non-exempt property, and must report to Receiver all sales and transfers of exempt property, within 5 days.  The Receivership owns all non-exempt assets of all Defendants, regardless of whether Receiver takes actual possession. This includes accounts in financial institutions and banks.

10)    <u>Appointment.</u> After considering the propriety of receivers whom the Court has appointed in other cases and the plaintiff's recommendations, the Court

---

[7] *T.H. Neel v. WL.  Fuller,* 557 S.W2d 73, 76 (Tex. 1977).



appoints Robert W. Berleth as Receiver over each Defendant's non-exempt assets, under Tex. Civ. Prac. & Rem. Code § 31.002, to serve as Receiver and Master after taking the oath of office.

11)     No Bond. No bond is required of the Receiver. After taking the oath of office, the Receiver shall be authorized, subject to the control of this Court, to do any and all acts necessary to the proper and lawful conduct of said Receivership.

12)     Immunity. Except for acts of intentional misconduct, Receiver and persons engaged or employed by him are not liable for loss or damage incurred by any person or entity by reason of any for any act performed or omitted to be performed by Receiver or those engaged or employed by Receiver for the discharge of their duties and responsibilities for the Receivership, including exercising control over Receivership assets.

13)     Peace Officers Responsibilities to Receiver and the Court. Every constable, deputy constable, sheriff, deputy sheriff, and other peace officer may accompany Receiver to locations designated by Receiver where Receiver believes that a Defendant's assets or records may be located. The peace officers are ordered to prevent interference with Receiver's carrying out any duty under this order or interference with property in Receiver's control or subject to this order.

14)     Third Parties Responsibilities to Receiver and the Court. Every person with actual notice of this order is ordered not to interfere with property in Receiver's control or subject to this order, and is ordered not to interfere with Receiver in the performance of Receiver's duties. Third parties are notified that Receiver, not



Defendant, is the party entitled to possess, sell, liquidate, and otherwise deal with Defendant's non-exempt property and once any third party receives notice of this order, the third party may be subject to liability if the third party releases property, unless directed by Receiver or the Court.

      a. All third parties who hold a Defendant's property or records are ordered to immediately notify Receiver and to deliver the property within ten working days of Receiver's demand.

      b. All third parties knowing of this order are ordered to immediately notify Receiver if they discover the existence of a Defendant's property, or of facts that might lead to the discovery of property in which any Defendant has any interest.

      c. Anyone resisting Receiver's order or request, based on legal or other advice, is ordered to give the full name, address, fax number, e-mail address, cell phone number, and direct telephone number for each person giving that advice and to instruct those persons to immediately contact Receiver. Doing so waives no attorney-client communication privilege.

15) <u>Fraudulent Transfer.</u> This Court shall maintain exclusive jurisdiction over any fraudulent transfer litigations brought by the Receiver or Creditor. The Court shall further maintain exclusive jurisdiction over any litigation pertaining to the ownership interests disputed during the Receiver's actions against a relevant third party.

Electronic Certified Copy



16) <u>Defendant's Responsibilities to Receiver and the Court.</u> Each Defendant is ordered, within the time periods set out in this order and the attached Exhibit A, to:

    a. Deliver to Receiver, at the address of the Receiver, the items described in Exhibit A, attached hereto as part of this Order, and all documents and records requested by Receiver, within ten days, then occasionally, in the time periods, manners, and formats requested;

    b. Turnover to Receiver all non-exempt funds to the extent required to satisfy the Judgment. <u>No Defendant may spend non-exempt funds, or sell, transfer, or encumber non-exempt assets without Receiver's prior written consent</u>;

    c. Disclose to Receiver all assets of each Defendant, and directly nor indirectly interfere with or impede Receiver to perform his duties. Defendant must disclose all exempt and non-exempt assets so the exempt status of every asset can be determined. Defendant's disclosure must provide sufficient specificity to permit a constable to identify and levy on the assets;

    d. Supplement all disclosures, in writing, within five days of knowledge of information required to be disclosed, without being prompted;

    e. Organize and collate the disclosed information and documents in the formats and manners required by Receiver. The disclosures must be

Electronic Certified Copy



      indexed and refer to the request to which it is responding. Responses like, "See response number so and so." are prohibited;

f.   Deliver to Receiver all passwords, user identification, login and other credentials used to access websites, owned, controlled, or managed by each Defendant and on-line accounts that allow the control of assets (e.g. financial accounts, webhosting accounts, and other accounts used to control assets).

g.   Defendant may not dispute a check that Receiver seizes and deposits, without first obtaining the Court's permission.

h.   If Defendant believes that the Receiver's demands are inappropriate, the Debtor must first comply, then seek protection from the Court. Debtors seeking protection must set the matter for the earliest possible hearing date, after giving full notice to the Receiver and attempting to resolve the issues.

17)   <u>Conduct and Disposition of Entities</u>. If defendant is an individual, all legal right, title and ownership of any limited partnership interest, partnership interest, stock, or membership interest it has in any entity and business entity of that defendant is divested from the individual and placed in *custodia legis* with the Receiver.[8] If the debtor is the sole owner of that entity or business, all management authority is vested in the Receiver as if Receiver were the Receiver over that entity.

---

[8] *Chitex Communication v. Kramer*, 168 B.R. 587, 590 (S.D. Tex. 1994) "the president of an insolvent corporation had no authority to affect the corporation's property interests once a state court had placed it into receivership".



If the Respondent is a business entity, all authority and power of the defendant in the management of the entity is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver.[9] This order supersedes the authority of any officers, directors or managers of the business entity debtor.

18)   <u>No Serial Receiverships.</u>   The first receivership order signed controls. The Court, as of the date of signing this order, has no knowledge or belief of any other controlling receivership.   The assets are in the control of the court for the first receivership. Thus, they are not available to the court ordering a later receivership. The Receiver may obtain permission from this and other courts to satisfy several judgments against the same debtor.[10]   The Receiver may notice other subsequent receiverships or their controlling court of this receivership and may take legal actions necessary to quash subsequent receiverships.

<u>REMAINDER OF THIS PAGE INTENTIONALLY BLANK</u>

---

[9] *Id.* "Texas law asserts that Receiver has the full rights that the corporation had."
[10] *Barrera v. State*, 130 S.W.3d. 253 (Tex.App.--Houston [14th Dist.] 2004, no pet.)



Electronic Certified Copy

**Powers GRANTED unto the Receiver by this Court:**

19)   <u>Possession.</u>   The Receiver may take possession of Defendant's non-exempt property in Defendant's actual or constructive possession, custody, or control, including but not limited to the items described in Exhibit "A".  The Receiver may secure control over all non-exempt property and engage in presale activities, including appraisals, evaluations, listing and advertising agreements. Receiver may transfer title into the receivership or place a hold on the title of personal and intangible property, including but not limited to:

      a.   All patents, trademarks, service marks, copyrights, websites, and domain names;

      b.   All documents or records, including financial records, related to such property that is in actual or constructive possession of the Defendants;

      c.   All financial accounts (bank accounts), certificates of deposit, money-market accounts, and accounts held by any third party;

      d.   All federal and state tax returns filed or prepared by or on behalf of the Defendants for the past five (5) years;

      e.   All non-exempt vehicles, to include boats, motor vehicles, cars, trucks, utility vehicles, recreation vehicles, airplanes, trailers, or other wheeled vehicles;

      f.   All real property owned or rented by any Debtor or Debtor's agent or assigns in part or whole;

      g.   All securities;

**Electronic Certified Copy**



h. All gifts, inheritances, or divisions of property;

i. All safety deposit boxes, lock boxes, or vaults;

j. All cash;

k. All negotiable instruments, including promissory notes, drafts, and checks;

l. All causes of action;

m. All contract rights, whether present or future;

n. All accounts receivable;

o. Any and all leases or leaseholds;

p. All collections, including but not limited to artwork, stamps, coins, guns, crystal, sports cars and memorabilia, records and trains;

q. Accounts receivable for and all other entities controlled by Defendants;

r. All Defendants' ownership interests;

s. All personal bank accounts upon which Defendants are signatories;

t. All business bank accounts upon which Defendants are signatories;

u. All bank accounts owned, possessed, controlled by, or in the name of any Defendant individually;

v. All bank accounts owned, possessed, controlled by, or in the name of and Defendant by corporate affiliation;

w. All diamonds, gems, and other precious stones, gold, silver, platinum, and all other precious metals, watches, and jewelry;



20)     <u>Access to Property.</u>  The Receiver may take all actions to gain access to and enter all real property, leased premises, storage facilities, and safe deposit boxes where non-exempt property, or records of a Defendant may be situated, and to seize the contents.  The Receiver may employ destructive means to bypass or gain access to lockboxes, safes, security systems, or any other area he reasonably believes contains non-exempt assets within any real property or associated curtilage owned or controlled by any Defendant.  The Receiver may change locks to all premises at which any property is situated;

21)     <u>Disable or remove non-exempt property.</u>  The Receiver may disable or remove non-exempt property belonging to a Defendant or place the property into storage; insure any property taken into his possession; obtain such writs as Receiver deems necessary to obtain possession; and change the locks to premises belonging to the Defendant. Receiver has no duty to take these actions, or to maintain, guard, or insure property taken into *custodia legis*, or to maintain or pay any lease, nor shall Receiver be required to pay any mortgage, lien or assessment, defend against any lawsuit, pay any tax or fee, file tax returns, maintain any insurance coverage, or have any obligation except as specifically ordered.

22)     <u>Assume property is not exempt.</u>  A Receiver may assume Defendant's property is not exempt, until the person claiming the exemption files a statement that claims the exemption, cites the legal and factual grounds for the exemption, and describes the property with sufficient specificity that a constable can levy upon it. If there be any dispute whether an asset is exempt or belongs to a Defendant, Receiver



may take custody of the asset until the Court determines the rights of those claiming an interest in the asset. Objections to the Receiver's assumption must be made to this Court within 21 days of collection;

23) <u>Redirect Postal Mail.</u> The Receiver may redirect, read, and copy Defendant's mail, whether electronic, paper, or facsimile, or otherwise, and whether sent to a street address, telephone line, post office box, or via the internet, before and exclusive of receipt. The Receiver may establish procedures for allowing Defendants to retrieve the mail, or copies, which includes making copies available to the Defendant electronically.

24) <u>Obtain credit reports.</u> The Receiver may obtain credit reports, financial institution statements, and other reports to aid in locating assets. Receiver may order Consumer Reporting Agencies, as defined by the Fair Credit Reporting Act ("FCRA") 16 USC §1681b(f) to provide consumer reports on Defendants and witnesses as allowed under FCRA 16 USC §1681b(a)(1).

25) <u>Utilities.</u> The Receiver may order providers of utilities, telecommunications, telephone, cell phone, cable, internet, data services, internet website hosts, email hosts, iCANN providers, satellite television services, and similar services (including ComCast, AT&T, Verizon, Sprint, and Direct TV), and financial institutions to turnover information that Receiver believes may prove or lead to the discovery of the existence or location of a Defendant's whereabouts or non-exempt assets, including account information, telephone numbers, names, service addresses, telephone numbers, payment records, and bank and credit card information.



    a. The orders must be directed to the entity from which the information is sought and specifically describe the information requested with the dates for which the information is required, which may not be more than one year before issuing Receiver's request, unless specifically stated in the request or attachments.

    b. This order specifically defines Receiver as a state official, acting in an official capacity, as defined in section 182.054(1) of the Texas Utility Code.

    c. This order specifically serves as the court order required by 47 USC § 551, and TEX. FIN. CODE §59.001, and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing before contained personally identifiable information of the subscriber or customer;

    d. Disclosing information under this order does not violate PUC Substantive Rule 25.272. This order satisfies the law, regulation, or legal process exception to the Proprietary Customer Information Safeguards found in PUC Substantive Rule 25.272 (g)(1).

26) <u>Compel Third Parties</u>. The Receiver may require the attendance of third parties, issue and serve subpoenas and notices to appear to third parties and those who may possess knowledge or information about a defendant's non-exempt assets. A subpoena does not have to compel attendance. Receiver may require the attendance of and issue subpoenas to any defendant, third party, or witness, to deliver



receivership assets and information about receivership assets, including employment records from the Texas Workforce Commission,[11] for the production of documents, things, and information, including matters about the employment or location of any defendant or witness, the existence, location, or value of defendant's assets. Receiver may schedule and issue notices for stenographic or non-stenographic examinations of anyone who may know of facts about a Defendant's exempt assets. The Receiver may issue subpoenas with the following language to third parties: "Please do not disclose or notify the user of the issuance of this subpoena. Disclosure to the user could impede an investigation or obstruct justice."

27)  <u>Support and Assistance.</u>  The Receiver may hire any person, firm or company to further remedies available to Receiver, including hiring persons to: change locks to premises belonging to defendant; exclude persons from interfering with Receiver's custody of the premises; moving or storing defendant's property; collect accounts receivable; or sell defendant's non-exempt property;

28)  <u>Checks and Transactional Instruments.</u>  The Receiver may endorse and cash checks and negotiable instruments payable to defendant, except paychecks for current wages;

29)  <u>Disputes.</u> If there be any dispute whether an asset is non-exempt, or property of a Defendant, the Receiver is authorized to take custody of the asset until the Court can determine the rights of those claiming interests in the asset.  The Court

---

[11] The Receiver is considered a public employee in the performance of public duties, pursuant to§ 301.081 of the Texas Labor Code, and may subpoena employment records from the Texas Workforce Commission.



may require a disputing party to post a bond to cover the Receiver's efforts in the dispute.

30)    <u>Real Property Sale.</u> All real property sales must be individually ordered, after notice and hearing.

31)    <u>Objections.</u> All objections to (i) this order, (ii) the bond amount, including its sufficiency, (iii) all affidavits that support or relate to this order, (iv) Receiver's qualifications, and (v) every issue relating to this order, are waived if they are not filed within twenty days of the service on or notice of this order to defendant or his counsel.

32)    <u>Receiver's Writs.</u> Writs of turnover issued under this order, must not be limited in time or have an expiration date. Those serving the writs must return them to Receiver, not the clerk, unless otherwise instructed. More than one writ of turnover may be issued and outstanding at the same time. The clerk is ordered to issue writs on an expedited basis, upon request.

33)    <u>Texas Unclaimed Property.</u> Receiver may collect all unclaimed funds belonging to defendant, including from the Texas Comptroller's Office, and may collect, sell, or assign defendant's rights to air miles and rewards programs.

34)    <u>Certify copies.</u> The Receiver may certify copies of this order as would a clerk of this Court, including but not limited to certifying copies for service upon a financial institution in the manner specified by Section 59.008, Finance Code, and Texas Civil Practice and Remedies Code § 31.002(g).

Electronic Certified Copy



35) <u>Service to Receiver.</u> All parties must serve Receiver with copies of all motions, notices, discovery responses, correspondence, and communications between them at the Receiver's address provided above, unless the Receiver provides alternative instructions.

36) <u>Service by Receiver.</u> The Receiver may serve Defendants by placing the documents to be served in the defendant's mailbox, taping them to the defendant's door, or delivering them to any adult person at the defendant's residence or place of business. The Receiver may serve non-natural entities by placing the documents to be served in the registered agents for the entities' mailbox, taping them to the registered agent for the entities' door, or delivering them to the receptionist of the registered agent for an entity's place of business.

37) <u>Texas Driver's License.</u> The Receiver may obtain Defendant's and witness' driver's license records from the Texas Department of Public Safety, and all similarly named entities. Those entities are ordered to release defendant's records to Receiver and Master, including defendant's photograph.

38) <u>Discovery.</u> The Receiver may propound discovery to any party to this suit, under the rules of civil procedure. Receiver may shorten the time periods as required. He is not required to employ does not have to employ the discovery rules, and may obtain discovery by requesting the information or documents from defendant and third parties. Upon request, Defendant must provide documents in WordPerfect, Microsoft Word, Microsoft Excel, Rich Text Format, JPEG, Adobe, or other format acceptable to Receiver, with indices.



39)     <u>File reports.</u> The Receiver may occasionally file reports with this Court. Any party to this suit or subject to the Receiver's actions may file an objection to the Receiver's report.  Should no objections be timely received, reports by the Receiver will be considered facts and conclusions of law.  Unopposed facts will be conclusively admitted. The Court, *sua sponte,* may confirm, modify, correct, reject, reverse or recommit the report, after it is filed, as the court may deem proper and necessary. Objections must be filed within 20 days, state each disputed ground, the reasons for each dispute, and attach the documents supporting each objection.

40)     <u>Ex Parte Communications.</u>  The Receiver may have *ex parte* communications with this Court, any party to this suit, or any person or entity with knowledge about Debtor to further his duties.  Specifically, the Receiver may communicate with the Court and court clerks in writing or in person without entry into the docket or notice to any party, including the Debtor.

41)     <u>Whistleblower Claims.</u>  Should suspected taxation or other fraud against the government be discovered, the Receiver may file whistleblower complaints with the appropriate local, state, or federal authorities.  Any whistleblower rewards to the Receiver may be accepted by the Receiver in addition to his fees, even after termination of the receivership.

42)     <u>Duty to maintain.</u> The Receiver has no duty to maintain, guard, or insure property taken into *custodia legis,* or to maintain or pay any lease, nor shall Receiver be required to pay any mortgage, lien or assessment, defend against any

*Roesle v. Foran Et Al.*          Pg. 19 of 25          Order Appointing Receiver



lawsuit, pay any tax or fee, maintain any insurance coverage, or have obligation to preserve assets except as specifically ordered.

43)    <u>Notice of Intended Abandonment or Sale.</u> Notice of abandonment of receivership assets must be provided:

    a. At least ten days before any abandonment, Receiver must file a notice of the intended sale or abandonment that describes the property to be abandoned, its sale price, and how it will be sold or abandoned;

    b. By first class mail to defendant and every person who has filed a request for notice;

44)    <u>Objection to Abandonment or Sale.</u> Objections to the proposed abandonment or sale must state the grounds and be filed within five days after Receiver's service of the notice.

    a. If no objection is timely filed, Receiver may abandon the property as described in the notice, without further order.

    b. If an objection is timely filed, the proposed abandonment or sale must not be completed until the Court has decided the objection.

45)    <u>Retention of counsel.</u> Receiver may employ counsel, at not more than $300.00 per hour, for representation and assistance in the prosecution of this order.

46)    <u>Ancillary Litigations</u>.  Receiver does not have to defend or prosecute any litigation regarding the defendant, but may intervene in any litigation for any party to this litigation.



47)   <u>Receivers Fees.</u>   Receiver is entitled to a fee equal to twenty-five percent of all sales of assets that come into his actual, constructive, or legal possession, and all recoveries and credits against the judgment.  The Receiver may  not to exceed 33% over the current balance due on the judgment, including post-judgment attorney's fees, plus the Receiver's fees and expenses, which the Court finds is a fair, reasonable, customary, and necessary fee for Receiver.  A Receiver's fee exceeding 25% of all funds coming into Receiver's possession may be awarded after notice and opportunity for hearing to all parties.  Specifically, the Court may award the Receiver 33% of collected funds should the Receiver collect the full amount of the judgment.  The Receiver's fees and expenses are considered costs of court.  Specifically, the Receiver may collect up to 33% in excess of the judgment amount plus expenses, which will be assessed as a cost of court. A contingency fee is the only way that plaintiff can afford a receiver. Defendant has not tried to pay the judgment. The costs of proving an hourly fee are prohibitive. Competent and experienced receivers are rare and the time and effort required by a receiver to keep time, apply for fees and the lag between filing for fees and being paid and that the fees earned would be at an ordinary rate but not be paid at the time of or shortly after rendering of services would inhibit the recruitment of experienced receivers. Given the chances of no recovery, contingent fees are the most economical fee schedule. The costs of proving an hourly fee could easily exceed the original judgment. Receiver is directed to pay plaintiff's attorney, as plaintiff's trustee, the remainder of all funds coming into Receiver's possession, after deducting Receiver's costs and payment of liens or set offs as Receiver deems reasonable within

a reasonable time. If the defendant files bankruptcy, Receiver's fee shall be equal to 25 percent of the debt owed when the bankruptcy is filed, and may be filed as a secured claim should a valid abstract of judgment be on file at the time of bankruptcy filing.

48) <u>Attorney's fees.</u> The Court takes judicial notice of the time that is reasonable and necessary for obtaining this order, and Defendant is ordered to pay Plaintiff $1,750 in attorney's fees for obtaining this order. Additional fees may be awarded, after notice and hearing.

49) <u>Receiver's Final Accounting.</u> The Receiver shall promptly file a final accounting with a motion to close the receivership. Should no collection be made against the Defendant after reasonable attempts by the Receiver, the Creditor shall reimburse the Receiver a sum of $1,500 plus reasonable and necessary expenses upon the Court granting the Receiver's motion to close the receivership.

**Appointment of Special Master:**

50) <u>Special Master.</u> Pursuant to TEX. R. CIV. P. 171, Robert W. Berleth is hereby appointed as Special Master in Chancery. The appointment is justified to perform duties that a sitting court cannot undertake, like traveling to locate and inspect assets, delivering property to sales lots for inspection and valuation, and advertising for and locating prospective buyers and appraisers. Master will conserve the Court's resources on post judgment matters, including locating and liquidating property. Because the Court cannot order a witness to travel over 150 miles, Master may be needed to travel to interview witnesses.



a. Master's appointment will lower attorneys' fees, reduce the need for hearings, and will protect the economic interests of both the debtor and creditor.

b. Master can immediately issue orders, rather than incurring the delays required for the opportunity to be heard in open court. Property, evidence, and witnesses can easily disappear before a hearing can be held. This is an exceptional case due to the complexity of locating assets and the intensity and spontaneity needed to enforce the judgment. Good cause exists to appoint Master. Master should be familiar with post judgment enforcement, and is.

c. Use of the terms, "Receiver," and "Master," include the other term, as allowed by law.

51) <u>The Special Master in Chancery may:</u>

d. Require the attendance of third parties, issue, and serve subpoenas to third parties, or those who may possess knowledge or information about defendant's assets, and whether they are exempt. A subpoena is not required to compel attendance. Master may require the attendance of and issue subpoenas to defendants, third parties, and witnesses. The Master may schedule and issue notices for stenographic or non-stenographic examinations of anyone who may know of facts about a defendant's non-exempt assets; [12]

---

[12] *Ex Parte Odom*, 271 S.W. 2d 796 (Tex. 1954);

Electronic Certified Copy



e. When a party so requests, the master shall make a record of the evidence offered and excluded in the same manner as provided for a court sitting in the trial of a case;

f. Serve discovery under the rules of civil procedure and shorten the time periods. Master required by the discovery rules, and may obtain discovery by requesting the information or documents;

g. Submit reports of the facts discovered. If defendants do not object, the facts in the report are binding. This procedure saves the Court a great deal of time by limiting factual disputes.

h. Master's duties are limited to locating non-exempt assets and the records that determine the assets' ownership, their value, with the liens against the assets, and reporting his findings to the Court.

i. He may rule upon the admissibility of evidence, unless otherwise directed by the order of reference and has the authority to put witnesses on oath, and may, himself, examine them, and may call the parties to the action and examine them upon oath.

j. Persons seeking protection must set the matter for the earliest possible hearing date, after giving Receiver notice and attempting to resolve the issues. (This does not mean merely sending a fax or e-mail.)

k. Attach additional fees and expenses to the amount of the Judgment as necessary in the execution of his duties.

Electronic Certified Copy



**BE IT SO ORDERED.**  Any and all further relief not expressly stated herein is

denied.

Signed and Dated: ___6/24/20___

_(signature)_

_____

**HONORABLE JUDGE PRESIDING**

Approved as to form and substance:

_(signature)_

_____

**Robert W. Berleth**
**Texas Bar # 24091860**
**SDOT #:  3062288**
**9950 Cypresswood Drive**
**Suite 200**
**Houston, Texas 77070**
**E-mail: rberleth@berlethlaw.com**
**Tele: 713-588-6900**
**Fax: 713-481-0894**

PROPOSED RECEIVER AND MASTER

I, BEVERLEY MCGREW WALKER, **District Clerk of Fort Bend**
County, Texas, do hereby certify that the foregoing
is a true, correct and full copy of the instrument
herein set out as appears of record in the District
Court of Fort Bend County, Texas.

This __22 day of_____July_____20 20.

BEVERLEY MCGREW WALKER

By _____ Deputy
Donald Evans



## CAUSE NO. 19-DCV-267154

| | | |
|---|---|---|
| CAMERON ROESLE, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| *v.* | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ROBERT FORAN and | § | |
| NOLAN STAR TRUCKING, LLC | § | |
| | § | |
| *Defendants.* | § | 400th JUDICIAL DISTRICT |

EX PARTE

### ORDER SUPPLEMENTING RECEIVERSHIP

Following approximately thirteen months of collection efforts by the Receiver, and after review of the Receiver's Emergency Ex Parte Application for and Order Supplementing Order Appointing Receiver, relevant statutory and case law, and the arguments of counsel, the Court is of the opinion that the motion should be in all things GRANTED. Therefore:

The Court FINDS:

1) The Court entered an Order Appointing Receiver on June 24, 2020, and this Order shall supplement the Order Appointing Receiver, specifically authorizing the Receiver to collect the cement mixers owned by Preferred Ready-Mix, LLC;

2) The Debtor has sole ownership interest in and is a managing partner of Preferred Ready-Mix, LLC;

3) Preferred Ready-Mix, LLC has a substantial likelihood of being found to be the Debtor's alter ego;

4) Preferred Ready-Mix, LLC has assets subject to levy by the Receiver; and,

5) There is a significant chance the Debtor will secret, liquidate, or abscond with the assets of Preferred Ready-Mix, LLC if he is advised of the pending collection or seizure by the Receiver;

Therefore, the Court ORDERS:

6) The Receiver is to immediately seize the physical assets of Preferred Ready-Mix, LLC, including intellectual property and specifically to seize the concrete mixers wherever they may be found, and hold such property in safe keeping until such time the Debtor and Preferred Ready-Mix, LLC can be heard by the Court. The Receiver is authorized to use reasonable destructive means to gain access and seize the vehicles.

7) That the Receivership and Receiver shall remain in place and continue as ordered;

8) Any and all other relief not expressly granted herein is granted.

SIGNED AND ENTERED: ___September 30, 2021___

_Tameika Carter_
Honorable Tameika Carter
JUDGE PRESIDING

#### END OF ORDER ####

| | |
|---|---|
| **From:** | Joyce Lindauer |
| **To:** | Robert Berleth |
| **Subject:** | RE: Preferred Ready-Mix, LLC |
| **Date:** | Thursday, November 11, 2021 4:27:29 PM |
| **Attachments:** | image002.png |

Robert – sorry I have been tied up on other calls.  Since Ms. Huff's employment has been denied as of 11/2/2021 we have stepped in as special counsel at this point and may step in as general counsel as well.  Right now we are looking at the recovery of the trucks so the company can get back into business. I reviewed the authority to file issue and it appears to me that 2 of 3 owners voted to file the Chapter 11 so I am not seeing a lack of authority issue.  As far as your costs and expenses we would propose the following to you:  $2,500 to you now and we will have the vehicles picked up. We will allow you an administrative claim in the Chapter 11 case for your additional costs and expenses of $7,000.00.  My clients are also seeking recovery of M. Huff's retainer of $20,000 that will provide a source of funds as well. Please let me know if this is something we can work out quickly.  Thank you

**PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS**



*Joyce Lindauer*
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX  75202
PH  972-503-4033

FAX 972-503-4034
CEL 214-957-8039

---

**From:** Robert Berleth <rberleth@berlethlaw.com>
**Sent:** Thursday, November 11, 2021 2:34 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>; Daryl Willey <daryl@joycelindauer.com>
**Cc:** Derek Loetzerich <derek@loetzerichlaw.com>; 'Evan Lange' <evan@evanlangelaw.com>; hector.duran.jr@usdoj.gov; jhoff@hofflawoffices.com
**Subject:** Preferred Ready-Mix, LLC

Joyce,

I have called your offices twice without a response. I am in receipt of your demand to release the vehicles being held in *custodia legis* on behalf of Preferred Ready-Mix, LLC (attached). Your demand yesterday is the first demand I have received requesting return of the vehicles. I will absolutely release the vehicles to the proper party, without hesitation. Please see attached invoice which will need to be paid by certified funds prior to any release of the vehicles.

However, there are several serious issues with this case that I would like to discuss with you, most importantly your authority to represent Preferred Ready-Mix, LLC. Jessica Hoff

is the counsel of record in the bankruptcy case, so your letter is confusing. Preferred Ready-Mix will need to arrange to have the vehicles towed via commercial wreckers from the storage yard, as none of them start or run on their own. **I am leaving on a planned vacation first thing tomorrow morning for a week**; please call me as soon as possible to discuss these several issues prior to my departure.

Warmly,

Robert Berleth
Appointed Receiver



9950 Cypresswood Drive, Suite 200
Houston, Texas 77070
E-mail: rberleth@berlethlaw.com
Tele: 713-588-6900
Fax: 713-481-0894
www.berlethlaw.com

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. YOU ARE NOW COMMUNICATING WITH A DEBT COLLECTOR.

CONFIDENTIAL NOTICE: This document and or documents are intended only for the use of the individual or entity to which it is addressed and may contain information that is subject to attorney-client privilege, patient confidentiality, and/or is otherwise exempt from disclosure under applicable law. If the reader of this document and or documents, is not the intended recipient or the employee or agent responsible for delivering the document and or documents to the intended recipients, you are hereby notified that any dissemination, distributing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at P.O. Box 692293, Houston, TX 77269-2293 via US Postal Services. We will reimburse any costs you incur in notifying us and returning the document to us. Thank you in advance for your cooperation.

NO TAX ADVICE:  Any accounting, business or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. If desired, the above attorney would be pleased to perform the requisite research and provide you with a detailed written analysis. Such an engagement may be the subject of a separate engagement letter that would define the scope and limits of the desired consultation services.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                              §
                                    §
PREFERRED READY-MIX LLC,            §     CASE NO. 21-33369
        Debtor                      §              (Chapter 11)
                                    §
                                    §

**ORDER ON RECEIVER'S APPLICATION FOR CHAPTER 11
ADMINISTRATIVE EXPENSE CLAIM**

At Houston, in said District, came on for consideration the Receiver's Application for Chapter 11 Administrative Expenses incurred by the Receiver for the Debtor as an Administrative Expenses, as agreed by the Debtor post-petition.

IT IS THEREFORE **ORDERED** that Robert W. Berleth, as Receiver in Cause No. 19-DCV-267154, styled *Cameron Roesle v. Robert Foran et. al.,* in the 400th Judicial District Court in and for Fort Bend County, Texas, is allowed an administrative claim against the estate in the amount of $7,000 for expenses which shall be paid as an administrative expense of the estate by the disbursing agent to the extent that there are funds available in the estate; and

IT IS FURTHER **ORDERED** that this payment shall be made after all U.S. Trustee fees have been paid in full.

DATED: _____


_____
Hon. Jeffrey P. Norman