**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **PREFERRED READY-MIX, LLC** | § | **CASE NO. 21-33369** |
| | § | |
| **Debtor.** | § | **CHAPTER 11** |

**UNOPPOSED MOTION TO INVOKE ADVERSARY RULES AND CONSOLIDATE
OBJECTION TO APPLICATION FOR ALLOWANCE OF CHAPTER 11
ADMINISTRATIVE EXPENSE CLAIM WITH ADVERSARY PROCEEDING NUMBER
22-03040
[DOCKET NO. 98 & 122]**

**21-DAY NEGATIVE NOTICE LANGUAGE – LBR 9007(a):**

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Robert Berleth ("Receiver") respectfully invokes the adversary rules with respect to the

Debtor's "Objection to Application for Allowance for Chapter 11 Administrative Expense

Claim" filed on March 4, 2022 (Docket No. 122), and requests that said Objection be

consolidated into the adversary proceeding styled *Preferred Ready-Mix, LLC v. Robert Berleth,*

*& Berleth and Associates,* Adversary No. 22-03040 (Bankr. S.D. Tex.).

Debtor does not oppose the requested relief.

Co-Defendant in the adversary proceeding, Berleth and Associates, does not oppose the requested relief.

## BACKGROUND

1.      Receiver filed an Application for Allowance of Administrative Expense Claim on February 18, 2022. (Docket No. 98).  The same is currently set for hearing on March 23, 2022.

2.      In response, Debtor filed an Objection to Application for Allowance of Administrative Expense Claim on March 4, 2022. (Docket No. 122).  The basis of said Objection is, in essence: 1. Receiver's alleged failure to timely return certain estate property as required under the Bankruptcy Code; 2. Receiver's alleged acts of improperly retaining certain estate property allegedly harmed Debtor's finances and operations, rendering his services of no value to the estate and creditors.

3.      A few days later, on March 7, 2022, Debtor also filed the adversary proceeding styled *Preferred Ready-Mix, LLC v. Robert Berleth, & Berleth and Associates,* Adversary No. 22-03040 (Bankr. S.D. Tex.).  The basis of said Complaint is, in essence: 1. Receiver's alleged failure to timely return certain estate property as required under the Bankruptcy Code; 2. Receiver's alleged acts of improperly retaining certain estate property allegedly harmed Debtor's finances and operations, rendering his services of no value to the estate and creditors. The Complaint features causes of action based on the same alleged operative nucleus of facts as pled by Debtor in its Objection. Additionally, the Complaint includes alleged causes of action which overlap the basis for the Objection. (See, Complaint, at paragraphs 8-15).

4.      To illustrate this point, paragraph 9 of the Complaint states: "Berleth refused to turn over the trucks and only relented after he demanded the Debtor pay the storage fees and

provide for Berleth's fees in an administrative claim, effectively holding the items hostage. There was never a final agreement on these amounts…"

5.      Further, Count 4 of the Complaint is entitled **<u>Disallowance of Claim</u>** and pertains specifically to Receiver's Application for Allowance of Administrative Expense Claim filed at Docket No. 98. (See, Complaint, at paragraphs 33-39).

<b><u>LEGAL AUTHORITY AND ARGUMENT</u></b>

6.      "A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a Claim but may include the objection in an adversary proceeding." Fed. R. B. P. 3007(b).  Debtor's Objection to Receiver's Claim is based on how Receiver allegedly failed to timely return certain estate property as required under the Bankruptcy Code, leading to violations of the Bankruptcy Automatic Stay and other provisions in the Code as to a custodian's duties of turnover. Fed. R. B. P. 7001(1); Fed. R. Civ. P. 18(a); 11 U.S.C. § 362; 11 U.S.C. § 543.  This constitutes an adversary proceeding.  Consequently, the full adversary rules and procedures must be applied to the Objection to Claim.

7.      In sum, because the Objection to Claim is filed as a contested matter in the main bankruptcy case, it should be joined with the existing adversary proceeding no. 22-03040. Fed. R. Bankr. P. 3007(b), and Fed R. Bankr. P 7018; Fed. R. Civ. P. 18(a).

8.      Finally, consolidation serves the best interests of judicial economy and justice, as all pertinent issues can be resolved in one proceeding.

WHEREFORE, PREMISES CONSIDERED, Receiver prays that the Court:

(A) Invoke the full adversary rules and procedures to Debtor's Objection to Claim of Receiver (Docket Nos. 98 & 122);

(B) Substantively consolidate Debtor's Objection to Claim of Receiver filed in the main case with the Complaint filed in adversary no. 22-03040; and

(C) Grant Receiver such other relief, in equity or at law, to which he may show himself justly entitled.

3

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
5555 West Loop South, Suite 235
Houston, Texas 77401
Tel: (832) 271-4003
Fax: (512) 476-9253
phammer@bn-lawyers.com

By:     /s/ *Paul Hammer*
        Paul J. Hammer (SBN 24089307)
        Stephen W. Sather (SBN 17657520)
        Greg Friedman (SBN 24116394)

        **ATTORNEYS FOR RECEIVER**

### CERTIFICATE OF CONFERENCE

I, Paul Hammer, attorney for Receiver, certify that on March 21, 2022, I conferred with Debtor's counsel, Joyce Lindauer, concerning the relief sought in this Motion. Per that communication, Debtor's counsel indicated Debtor was not opposed to the relief sought in this Motion.

                        /s/ *Paul Hammer*
                        Paul Hammer

### CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on March 21, 2022, a true and correct copy of the foregoing document was served electronically on the parties listed in the court's ECF system for notice, and, where applicable, by United States Mail.

                        /s/ *Paul Hammer*
                        Paul Hammer