UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| PREFERRED READY-MIX LLC, | § § | CASE NO. 21-33369 |
| DEBTOR. | § § § | CHAPTER 11 |

### RESPONSE TO DEBTOR'S CLAIM OBJECTION

Matthew Tyson ("**Tyson**"), hereby responds to the *Debtor Preferred Ready-Mix LLC's Objection to Claim of Matthew Tyson (Claim No. 13)* (the **"Claim Objection"**) as follows.

### Background

1. In August of 2019, Robert Foran ("**Foran**") approached Tyson and Lincoln M. Catchings, III ("**Catchings**") in regards to joining Preferred Ready-Mix, LLC (the "**Company**") as equal partners. In exchange for an interest in the Company, Tyson purchased one cement mixer truck ($33,000.00, plus $990.00 in associated credit card fees) and titled the truck in the Company name. On October 9, 2019, a Certificate of Amendment was filed with the Secretary of State to reflect the change in ownership. No operating agreement was drafted.

2. On June 4, 2020, without notice, meeting, or vote of all Company members, Foran wrongfully filed an amended Certificate of Amendment removing Tyson from the Company. Around the same time Foran filed frivoulous embezzlement charges against Tyson in Fort Bend County. By the time Tyson's defense attorney spoke to the Fort Bend District Attorney's office, the charges had been dropped. Tyson was forced

into a silent partner role.

3. Catchings subsequently added Tyson as an owner on July 30, 2021. On April 16, 2021 and despite the absence of an operating agreement, Foran again wrongfully attempted to squeeze Tyson out of the Company by alleging impropriety. No notice was given to Tyson, no meeting was held with all members of the Company, and no vote was taken by all members of the Company.

4. Between August 2019 and June of 2020, Tyson incurred reimbursable business expenses of $23,120.21 on his personal credit cards. Tyson fulfilled all his obligations to the Company but was neither reimbursed for the cost of the truck nor the expenses as agreed.

5. On October 14, 2021, Debtor commenced this Chapter 11 case.

6. Debtor First Amended Plan was confirmed on February 22, 2022 and became effective on March 26, 2022.

7. Tyson's claim is list as a general unsecured claim of an insider.

### Response to Claim Objection

**A. The Claim Objection Does Not Rebut the Presumption that the Claim is Valid**

8. The Claim Objection seeks to reduce the Claim of $57,110.21 in its entirety on the ground that Tyson caused irreparable harm to Debtor based on a bare allegation of embezzlement – an allegation Tyson vehemently denies.

9. The Court shall allow a properly filed proof of claim "except to the extent the claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law." *See 11 U.S.C. § 502(b)*. The Claim is prima facie evidence of the amount of the Debt owed by Debtor to Tyson. *See Fed. R. Bankr. P. 3001(f)*. To

rebut the presumption that it is allowable as filed, Debtor must assert some legal reason or factual evidence sufficient to demonstrate a true dispute over the amount stated in the Claim. *See In re Trevino, 535 B.R. 110, 130 (Bankr. S.D. Tex. 2015); see also Black's Law Dictionary 1458 (10th ed. 2014) (rebut, vb. To refute, oppose, or counteract (something) by evidence, argument, or contrary proof.").* Conclusory allegations are insufficient to rebut the presumption of validity to which Tyson is entitled under Bankruptcy Rule 3001(f). *See In re 804 Congress, L.L.C., 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015) ("To rebut the claim, the evidence the objecting party produces must be at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency) (internal quotation omitted).*

10. Debtor alleges that Tyson embezzled funds from Debtor, which caused irreparable harm to Debtor that exceeds any and all amounts claimed. *See Claim Objection, ¶¶ 6-9*. Debtor does not point to a particular agreement or specific applicable law that would put in dispute the amount stated in the Claim. Furthermore, the Claim Objection does not contain any specific allegations that rebut the factual assertions in the Claim. Instead, Debtor objects to the claim in its entirety based on a vague, unproven, and inaccurate notion of embezzlement and attempts to shift the burden to Claimant with the same. Debtor's conclusory and bare statements in the Claim Objection are insufficient to rebut presumption that proof of claim is valid. Accordingly, the Claim Objection must be overruled because it does not rebut the presumption.

**B. The Factual and Legal Basis for the Claim**

11. Tyson entered into the Company by virtue of his contribution of one

cement mixer truck. Tyson also incurred reimbursable business expenses on his personal credit cards, which by verbal agreement should have been repaid. He fulfilled all of his obligations to the Company. Instead of being compensated or reimbursed, Foran wrongfully squeezed Tyson out of the Company. Tyson did not share in Company distributions and was not reimbursed for Company expenses.

12. Debtor claims that Tyson was removed from the Company for cause. *See* Claim Objection ¶ 7. In the absence of an operating agreement, a member of a Texas LLC cannot be expelled. *See Texas Business Organizations Code Sec. 101.107*. By doing so, the Company deprived Tyson of proper distributions and reimbursement.

13. Debtor further agues that Tyson borrowed $30,000.00 from Wayne Tyson using Company collateral. In fact, Debtor is referencing the allowed Class 1B Claim based on a promissory note and security agreement by and between the Company and Wayne Tyson. Tyson did not borrow money on Company collateral.

14. Debtor claims that Tyson diverted funds into his personal bank account. *See Claim Objection, ¶ 8 and Claim Objection, Exhibit B, ¶¶ 4*. Tyson (with the knowledge and agreement of the other members) did retain funds in a business account that were regularly dispersed to the Company to pay for legitimate Company expenses. This is not embezzlement.

15. Tyson bought into the Company and incurred business expenses on behalf of the Company. He did not share in proper distributions and was not repaid business expenses per a verbal agreement between the two parties. Tyson fulfilled his obligations to the Company up until the point of being frozen out of the Company. Debtor has failed to show otherwise.

## Conclusion

16. Debtor has failed to articulate any specific objections to overcome the prima facie validity of the Claim. Instead Debtor relies on bare statements that Tyson harmed the Debtor in some unknown amount that exceeds the claim. Tyson is entitled to an allowed claim in this bankruptcy case of not less than $57,110.21.

WHEREFORE, Tyson respectfully requests that this Court (a) overrule the Claim Objection, (b) allow the Claim as filed, and (c) grant Tyson such further relief as the Court deems appropriate.

**DATED** this 7th day of April, 2022.

> Respectfully submitted,
> */s/ Ryan Dunn*
> Ryan Dunn
> State Bar No 20456749
> DUNN PLLC
> 405 Main Street, Suite 836
> Houston, TX 77002
> Telephone (713) 904-3866
> Facsimile (713) 583-6736
> ATTORNEY FOR CLAIMANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 7, 2022, a true and correct copy of the foregoing document was served via the Court's electronic noticing system to all those who have consented to service and to Debtor's counsel via electronic mail.

*/s/Ryan Dunn*

Robert W Berleth
rberleth@berlethlaw.com

Allison D Byman
adb@bymanlaw.com, adb@trustesolutions.net; rww.trustee1@gmail.com; cadb11@trustesolutions.net; rah@bymanlaw.com

Hector Duran, Jr
Hector.Duran.Jr@usdoj.gov

Jessica Lee Hoff
jhoff@hofflawoffices.com, JHoff@jubileebk.net

Jeffery B Kaiser
jkaiser@kaiser-law.com, admin.three@kaiser-law.com

Joyce Williams Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com

Derek W Loetzerich
derek@loetzerichlaw.com

John June-chul Na
john@mnnlawfirm.com, pete@mnnlawfirm.com

Karina Shareen
kshareen@twpdlaw.com

Brendon D Singh
Bsingh@ts-llp.com, ecf@ctsattorneys.com;corraltransinghllp@jubileebk.net

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Lisa Elizabeth Ventress
lisa@theventressfirm.com