IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PREFERRED READY-MIX LLC | § | CASE NO. 21-33369 |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |

**RAY YOUNG'S RESPONSE TO DEBTOR'S OBJECTION
TO RAY YOUNG PROOF OF CLAIM**

RAY YOUNG ("Claimant" or "Young"), by and through his undersigned counsel, hereby response to the Debtor's Objection (the "Objection") to RAY YOUNG Proof of Claim. In support hereof, Claimant respectfully states as follows:

1. On or about February 14, 2022 Claimant filed his Proof of Claim with the Debtor's claims agent. *See Objection, Ex A*.

2. In the Proof of Claim, Claimant asserts a claim against the Debtor in the sum of $3,172.68 as a result of non-payment by the Debtor of wages to him for work performed pursuant an employment relationship months before the Debtor's bankruptcy filing.

3. In the Objection, the Debtor seeks to disallow the Proof of Claim.

4. For the reasons set forth in detail below, Claimant requests that the Court overrule the Objection to his claim and to allow the claim in the amount set forth in his Proof of Claim.

**Factual Background**

5. Claimant accepted a position of employment with Preferred as a Staff Accountant with a start date of July 5, 2021.

6. Claimant was to be compensated an annual salary of $55,000 paid on a weekly basis. Claimant received his weekly.

7. Claimant continued to work for Debtor into August of 2021, but was not paid his weekly salary for that time.

8. On or around August 8, 2021, Claimant was terminated from his position via text message from Robert Foran ("Foran"), Debtor's President.[1]

9. Foran, acknowledged and confirmed that Claimant would received outstanding payments for wages due to him.[2]

10. Claimant was told that his checks would be mail, but her never received his final three pay checks totaling $3,172.68 as promised, and required by law.[3]

11. On or around September 15, 2021, Claimant's by and through his attorney submitted a Letter of Representation and Litigation Hold Request.

12. On or around October 14, 2021 Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code 11 U.S.C. §101 et seq. (the "Bankruptcy Code").

---

[1] See Ex A

[2] See Ex B

[3] Labor Code Chapter 61 payment of Wages, See *Sec. 61.014.  PAYMENT AFTER TERMINATION OF EMPLOYMENT.  (a)  An employer shall pay in full an employee who is discharged from employment not later than the sixth day after the date the employee is discharged.*

**Response to Objection**

13. According to the Debtor o Claimant is not "entitled to any wages, salaries, or commissions earned within 180 days before the bankruptcy petition was filed. *Objection, pp. 6a.*

14. The Debtor also alleges that Claimant was "paid any wages, salaries, or commissions earned […]"; and alleges that "Claimant was employed by Debtor for approximately one week, and was paid for every hour worked the week." *Objection, pp. 6b.* However, Debtor assertions are false. Claimant was employed for longer than one week, and was not paid in full for the duration of his employment.[4]

15. In an attempt to defame Claimant, and further withhold wages due to him, the Debtor alleges, and submits a sworn Affidavit by Foran asserting that "Claimant arrived to work after the first week under the influence and was immediately let go by Debtor". *Objection, pp. 6c.* The truthfulness and veracity of Debtor's allegations are dubious at best. Claimant was employed for over one week with Debtor. While Debtor alleges that Claimant was terminated immediately, after allegedly arrive at work on the first week under the influence. Claimant was actually given notice termination on August 8, 2021, a Sunday, which was approximately four weeks from the date of his initial hire.[5] Additionally, even if Claimant was lawfully terminated, Debtor would not be absolved from its requirement to pay of wages by terminating an employee.[6]

16. Under these circumstances, it would be inappropriate to disallow Claimant's claim as argued in the Objection. Claimant further respectfully requests the opportunity to

---

[4] See Ex B

[5] See Ex A

[6] *See* Labor Code Chapter 61 payment of Wages, See *Sec. 61.014.*

conduct discovery with respect to the issues raised in the Objection. In this regard, Claimant respectfully requests that the hearing on the Objection presently scheduled for April 22, 2022 go forward as a status conference to enter a scheduling order permitting discovery and a further hearing with respect to the Objection.

17.    Claimant further respectfully requests permission of the Court to submit additional briefing on the issues raised in the Objection after discovery or further hearings on the Objection have concluded, as may be necessary or appropriate.

WHEREFORE, for all of the foregoing reasons, Claimant, Ray Young  respectfully requests that the Court overrule the Objection to Claimant's Proof of Claim and allow such claims in full in the amounts provided in Claimant's Proof of Claim, and grant such other relief as the Court deems just and equitable.

Respectfully Submitted,

By: _/s/ Lisa Ventress_____
Lisa Ventress
Texas Bar No. 24076751
lisa@theventressfirm.com
The Ventress Firm, P.C.
1322 Space Park Dr. Ste. C222
Houston, TX 77058
832-240-4365

**ATTORNEY FOR CREDITOR
RAY YOUNG**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 8, 2022 a true and correct copy of the foregoing was served via electronic file manager on counsel of record as follows:

Joyce W. Lindauer
State Bar No. 21555700
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Facsimile: (972) 503- 4034

**ATTORNEY FOR DEBTOR**

                                              /s/ Lisa Ventress
                                              Lisa Ventress